731 P.2d 74

**Dorothy GORMAN; Walter Leffler, and Helen Leffler, his wife, Plaintiffs-Appellants,**

v.

**CITY OF PHOENIX, a municipal corporation, Defendant-Appellee.**

**No. CV 86 0102–PR.**

Supreme Court of Arizona, En Banc.

Jan. 9, 1987.

Randall R. Douglas, P.C. by Randall R. Douglas, Mark Stachon, Phoenix, for plaintiffs-appellants.

Jones, Skelton & Hochuli by William R. Jones, Jr., Michael W. Foster, Georgia A. Staton, Phoenix, for defendant-appellee.

FELDMAN, Vice Chief Justice.

Plaintiff Dorothy Gorman's (Gorman) suit against the City of Phoenix (Phoenix) was dismissed for failure to comply with Uniform Rule V(e), Ariz.Unif.R.P.Super. Ct., 17A A.R.S.[1] The trial court denied Gorman's motion to set aside the dismissal pursuant to Rule 60(c)(6), Ariz.R.Civ.P., 16 A.R.S.[2] The court of appeals affirmed the trial court under both Rule 60(c)(1) and (c)(6). *Gorman v. City of Phoenix*, No. 1 CA–CIV 8237 (Ariz.Ct.App. Jan. 16, 1986) (memorandum decision). Both courts based their decisions on our recent opinion in *Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 688 P.2d 637 (1984). We granted review to clarify *Bickerstaff* and to examine the propriety of relief under Rule 60 for failure to comply fully with the "fast track" provisions of Uniform Rule V. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## FACTS

Gorman owned two houses next door to each other on West Lynwood Drive in Phoenix. Gorman lived in one home and rented the other to her brother, Walter Leffler. In spring 1980, a Phoenix water line behind Gorman's property broke. Water from the line flowed onto Gorman's properties for three days, destroying both

---

1. The Uniform Rules of Practice of the Superior Court of Arizona, 17A A.R.S., will be referred to as Uniform Rule —— throughout this opinion.

2. The Arizona Rules of Civil Procedure, 16 A.R.S., will be referred to as Rule —— throughout this opinion.

homes. On September 30, 1982, Gorman sued Phoenix for negligence and intentional infliction of emotional distress.

On September 7, 1983, after Phoenix had filed an answer and interrogatories, the trial court placed Gorman's case on the inactive calendar pursuant to Uniform Rule V(e).[3] According to the judge's minute entry, the case was to be dismissed on November 7, 1983, unless Gorman filed a motion to set and certificate of readiness before that date. On September 19, Gorman filed a motion to amend her complaint and a proposed amended complaint; she sent interrogatories, requests for admissions, and requests for production to Phoenix on October 7.

The case was not dismissed on November 7, although Gorman had not complied with Uniform Rule V(e). Instead, both parties continued discovery. Gorman and her brother were deposed on November 9, and Phoenix partially answered Gorman's interrogatories and requests for admissions on November 22. Phoenix was unable to answer many of the interrogatories and requests for admissions because it had not finished searching its records. Phoenix told Gorman that it would supplement its answers at a later date. On December 5, Gorman sent Phoenix a settlement letter.

In early December 1983, Gorman's attorney contacted the Superior Court Administrator's office to inquire about the status of the case. He was told the case was "open" because the file was checked out to the judge. He also was told that the case would not be dismissed during the next week, and that a motion to continue on the inactive calendar would not be necessary.

On December 8, 1983, Gorman filed a list of witnesses and exhibits and supplemented her previous answers to Phoenix's interrogatories. Phoenix filed its list of witnesses and exhibits, as required by Uniform Rule V(a), on December 29, 1983. Gorman then filed a motion to set and certificate of readiness on January 5, 1984. *See* Uniform Rule V(b). Phoenix filed a controverting certificate on January 16, contending that discovery was incomplete, that the parties had not been afforded a reasonable opportunity to complete discovery, and that several motions pertaining to Gorman's motion to amend her complaint were still pending before the court. *See* Uniform Rule V(c).

The trial court agreed with Phoenix's contentions and struck Gorman's motion to set. The court ordered the case continued on the inactive calendar until May 18, 1984. If Gorman had not filed an amended motion to set before May 18, the case was to be dismissed.

Discovery continued from January through November 1984. The parties supplemented their interrogatory answers, Gorman filed a motion to compel, and Phoenix filed a motion for summary judgment. In addition, the court eventually granted Gorman's earlier motion to amend her complaint. The May 18, 1984 dismissal deadline passed virtually unnoticed; Gorman's counsel filed neither an amended motion to set nor a motion to continue on the inactive calendar.

The court heard oral arguments on Gorman's motion to compel and Phoenix's motion for summary judgment on July 26, 1984. On September 17, the court ordered Phoenix to produce certain documents and denied Phoenix's summary judgment motion. Gorman filed a request for clarifica-

---

**3.** After Gorman filed her action, Uniform Rule V(e) was renumbered (from V(d)) and amended in ways not relevant to this matter. In pertinent part, Uniform Rule V(e) provides:

(e) Inactive Calendar. The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof.... All cases re-

maining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution, ... unless prior to the expiration of such two months period:
(1) A proper Motion to Set and Certificate of Readiness is filed; or
(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.

tion of the court's order regarding her motion to compel on October 18.

On November 7, 1984, without any additional warning, the court issued the following form minute entry:

x no new Certificate of Readiness having been filed,

x no Judgment having been entered or filed,

x this cause not having been continued further on the inactive calendar, and said time having expired,

IT IS ORDERED dismissing this cause without prejudice.

Because the statute of limitations governing Gorman's claim had expired, the court's dismissal without prejudice was, in reality, a dismissal with prejudice.

On November 27, 1984, *after* dismissing the case, the court issued a minute entry granting Gorman's request for clarification and directing Phoenix to answer certain interrogatories and to produce certain documents. The court vacated this minute entry on December 4, 1984. Gorman's subsequent motion to set aside the dismissal under Rule 60(c)(6) was denied. The trial court's only explanation for denying Gorman's motion was that "[t]he record does not reflect factors sufficient to satisfy Rule 60(c), A.R.C.P. *Bickerstaff v. Denny's Restaurant*, [141 Ariz. 629], 688 P.2d 637 (1984)." The court of appeals upheld the dismissal, reasoning that Gorman had failed to produce evidence sufficient to

warrant relief under either Rule 60(c)(1) or (c)(6).

## DISCUSSION

### A. *Uniform Rule V(e)*

Under Uniform Rule V(e), the Clerk of the Superior Court places cases on the inactive calendar after nine months if a motion to set and certificate of readiness has not been filed. Cases remaining on the inactive calendar for two months may [4] be dismissed without prejudice for lack of prosecution, unless "(1) [a] proper Motion to Set and Certificate of Readiness is filed[ ] or (2) [t]he court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal." Uniform Rule V(e).

Gorman's attorney does not contend that he was unaware of Uniform Rule V(e) or that he complied with its requirements. Instead, he argues that the unique circumstances of this case justify relief under Rule 60(c)(1) or (c)(6). We address only the propriety of relief under Rule 60(c)(6).[5]

### B. *Rule 60(c)(6)*

#### 1. *General Principles*

Courts are authorized to "relieve a party ... from a final judgment" for any of five specified reasons set out in clauses (1) through (5) of Rule 60(c).[6] Under clause

---

4. Although the text of Uniform Rule V(e) states that the case "shall" be dismissed after two months, we have previously held that the rule is not self-executing and that a written order of dismissal is required. *Campbell v. Deddens*, 93 Ariz. 247, 250, 379 P.2d 963, 965 (1963); *see also Blech v. Blech*, 6 Ariz.App. 131, 133, 430 P.2d 710, 712 (1967).

5. Gorman asked the trial court to set aside its dismissal only under Rule 60(c)(6). Gorman first sought relief under Rule 60(c)(1) before the court of appeals. Thus, it is questionable whether Gorman's Rule 60(c)(1) arguments are properly before us. Because we find Rule 60(c)(6) dispositive, however, we need not determine the propriety of asserting Rule 60(c)(1) on appeal.

6. Rule 60(c) provides in pertinent part:

**Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6)

(6), courts may set aside a judgment or order for "any other reason justifying relief from the operation of the judgment." Thus, to obtain relief under Rule 60(c)(6), Gorman must show "extraordinary circumstances of hardship or injustice," other than or in addition to those circumstances set out in clauses (1) through (5). *Davis v. Davis*, 143 Ariz. 54, 57, 691 P.2d 1082, 1085 (1985); *accord Bickerstaff*, 141 Ariz. at 632, 688 P.2d at 640; *Webb v. Erickson*, 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982).

We consistently have refused to "set out any specific set of circumstances that ... qualify as 'extraordinary,' 'unique' or 'compelling'" under Rule 60(c)(6). *Park v. Strick*, 137 Ariz. 100, 105, 669 P.2d 78, 83 (1983); *accord Davis*, 143 Ariz. at 59, 691 P.2d at 1087.[7] We have left this determination to the sound discretion of our trial courts to be resolved on a case-by-case basis. *Davis*, 143 Ariz. at 59, 691 P.2d at 1087; *Bickerstaff*, 141 Ariz. at 633, 688 P.2d at 641. Trial court discretion, however, is not unlimited. The trial court may not "misapply law or legal principle[s]," act "arbitrarily or inequitably, nor ... make decisions unsupported by facts or sound legal policy." *City of Phoenix v. Geyler*, 144 Ariz. 323, 328–29, 697 P.2d 1073, 1078–79 (1985). Thus, when "uncontroverted facts in the record reveal circumstances that we believe warrant relief," *Davis*, 143 Ariz. at 57, 691 P.2d at 1085, "this court can and will overturn the trial court's discretionary ruling." *Geyler*, 144 Ariz. at 330, 697 P.2d at 1080. Although we are extremely reluctant to disturb the trial court's factual findings, we will not hesitate to correct legal error. *Cf. State v. Moran*, 151 Ariz. 378, 381, 728 P.2d 248, 251 (1986).

### 2. *Bickerstaff v. Denny's Restaurant, Inc.*

In the present case, the trial court found insufficient facts to justify relief under

Rule 60(c)(6). The judge did not explain why the facts were insufficient; instead, he cited our opinion in *Bickerstaff*, which upheld a dismissal for failure to comply with Uniform Rule V(e) against a Rule 60(c)(6) challenge. In *Bickerstaff*, the plaintiff asserted three grounds for relief under Rule 60(c)(6). First, plaintiff argued that she would suffer extreme hardship if she were forced to pay her own medical bills. Second, plaintiff asserted that because there were ongoing settlement negotiations the case should not have been dismissed for lack of prosecution. Third, plaintiff argued that she was barred from refiling the action because the statute of limitations had run prior to dismissal. 141 Ariz. at 632, 688 P.2d at 640. The trial court found these factors insufficient and we affirmed.

We rejected the plaintiff's first reason—extreme hardship resulting from having to bear the costs of her injuries—as unextraordinary because the same result would have been obtained if plaintiff had lost her claim on the merits. 141 Ariz. at 632, 688 P.2d at 640. As to the plaintiff's second factor—ongoing settlement negotiations—we found it "impossible to conclude, from the record before us, whether settlement was being seriously discussed" when the case was dismissed. We assumed, however, that at least plaintiff's counsel had not abandoned the case before it was dismissed. *Id.* As to the third factor, we agreed with plaintiff "that the passing of the statutory limitations period may ... be considered as one of many factors in a determination of 'extraordinary circumstances'...." We held, however, that passage of the limitations period standing alone does not justify relief under Rule 60(c)(6). 141 Ariz. at 633, 688 P.2d at 641.

### 3. *Resolution*

We recognize that *Bickerstaff* has much in common with the present case. We be-

---

any other reason justifying relief from the operation of the judgment.

**7.** We have noted, however, that Rule 60(c)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is

appropriate to accomplish justice." *Webb*, 134 Ariz. at 186, 655 P.2d at 10 (quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)).

lieve, however, that the trial court's decision in this case extends *Bickerstaff* too far. In this case, unlike *Bickerstaff,* the record clearly demonstrates that all parties concerned—Gorman, Phoenix, and the trial court—were actively involved in the prosecution of this case from at least November 1983 until it was dismissed on November 7, 1984. A *record* establishing ongoing, active prosecution of the case is a critical factor not present in *Bickerstaff.*

Uniform Rule V should be used to dispose of abandoned cases and to encourage litigants to resolve their disputes quickly. It should not be used to trap the unwary or the momentarily negligent. The purpose of Uniform Rule V(e) is procedural, not substantive; the rule is merely "a convenient administrative practice" designed to rid court calendars of inactive or abandoned cases and to prod the judge and the attorneys involved to bring cases to trial as quickly as possible. *Walker v. Kendig,* 107 Ariz. 510, 512, 489 P.2d 849, 851 (1971); *cf.* Rule 1 (rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action"). Uniform Rule V(e) should not be used to win a case by avoiding trial on the merits, unless the case, in fact, is not being prosecuted vigorously. *Walker,* 107 Ariz. at 512, 489 P.2d at 851 ("Although a dismissal under [Uniform] Rule V(d) is without prejudice, such an order must be issued only after careful consideration because justice requires that when possible a matter be determined upon its merits."); *cf. Hosogai v. Kadota,* 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985) (procedural rules should not become a "shield for serious inequity"); *W.T. Rawleigh v. J.W. Spencer,* 58 Ariz. 182, 185, 118 P.2d 674, 675 (1941) (court's "inherent power to dismiss a case for want of prosecution ... should not be used where the record shows, as here, that both parties nursed the case along with the court's approval"). *Bickerstaff* is not a weapon to be used to deny relief to those who are pursuing their claims and seeking their day in court.

We recognize that the large number of cases before the superior courts makes case-by-case consideration of Uniform Rule V dismissal orders impossible. We believe, however, that case-by-case consideration is required in those rare instances when a party seeks to set aside a Uniform Rule V dismissal under Rule 60.

When considering Rule 60 motions, the trial judge should weigh the procedural, housekeeping purposes of Uniform Rule V against the actual circumstances of the case at hand. When, as here, the expiration of the statute of limitations turns a dismissal without prejudice into a dismissal with prejudice, the trial court must take an especially hard look at the actual circumstances of the case before it. The judge may consider the apparent merits of the claim, as demonstrated by the record. The judge must consider whether the record demonstrates abandonment or pursuit of the claim. A desultory exchange of settlement letters, as in *Bickerstaff,* may count for very little; a record showing, as in the present case, vigorous pursuit of a claim should count for much. Here, as in similar matters, diligence is the hallmark. *Geyler,* 144 Ariz. at 332, 697 P.2d at 1082. The occasional errors and mistakes to which we all succumb also may be considered until we devise some way to require—and obtain—perfection from ourselves and others.

We are not saying that relief under Rule 60(c)(6) is always available if the parties have not abandoned the case. Lawyers who fail to comply with Uniform Rule V(e) do so at their peril. *Bickerstaff, supra.* However, trial courts should consider carefully a Rule 60 motion to set aside a Uniform Rule V(e) dismissal when, as here, there is evidence that (1) the parties were vigorously pursuing the case, (2) the parties were taking reasonable steps to inform the court of the case's status, and (3) the moving party will be substantially prejudiced by, for example, the running of the limitations period if the dismissal is not set aside. If all these factors are present, even doubtful cases should be resolved in favor of the party moving to set aside the

dismissal. *Walker*, 107 Ariz. at 513, 489 P.2d at 852.[8]

## CONCLUSION

It is not clear from the record whether the trial judge considered the merits of Gorman's Rule 60 motion or whether he believed such consideration precluded by *Bickerstaff.* We have reviewed the record in this case and are satisfied that the requirements of Rule 60(c)(6) have been established. However, before relief is appropriate, Gorman must show that she acted promptly in seeking relief from the dismissal order, and that she has a meritorious claim. *Bickerstaff*, 141 Ariz. at 631, 688

P.2d at 639. These issues are not before us. We therefore vacate the court of appeals' opinion and remand this case to the trial court for proceedings consistent with this opinion.

GORDON, C.J., JACK D.H. HAYS, J. (Retired), and CAMERON and HOLOHAN, JJ., concur.

---

**8.** Some Rule 60 motions may be avoided under A.R.S. § 12–504 (Supp.1986), a "savings statute," which may be applicable to dismissals for failure to prosecute.