750 P.2d 898

**ACE AUTOMOTIVE PRODUCTS, INC.,
an Arizona corporation,
Plaintiff-Appellee,**

v.

**James L. VAN DUYNE and Jane Doe
Van Duyne, his wife; Peter Dix and
Jane Doe Dix, his wife; Keith L. Webb,
Jr. and Jane Doe Webb, his wife, De-
fendants-Appellants.**

**1 CA–CIV 8943.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 29, 1987.

Reconsideration Denied Nov. 20, 1987.

Review Denied March 8, 1988.

Stinson & Douglas by Warren R. Brown, Phoenix, for plaintiff-appellee.

Lindauer Law Offices, P.C. by Thayer C. Lindauer, Thousand Oaks, Cal., for defendants-appellants.

## OPINION

FIDEL, Judge.

The central issue of this case is whether the defendants' violation of the witness and exhibit listing requirements of Rule V(a), Uniform Rules of Practice of the Arizona Superior Courts, justified the trial court's decision to preclude defendants from presenting witnesses or exhibits at trial. The remaining issues stem from the subsequent decision of defendants and their counsel to forego their presence at the trial.

Underlying this lawsuit was the disintegration of a transaction in which defendants purchased business assets belonging to plaintiff. Plaintiff filed suit on September 28, 1984, on defendants' promissory note and for payment of certain third party obligations which defendants had agreed to assume. Defendants alleged setoffs in their answer and counterclaimed for misrepresentation.

On September 3, 1985, plaintiff filed its Rule V list of witnesses and exhibits, but included a statement "reserving the right to supplement its list," alleging discovery failures by defendants. On September 13, 1985, plaintiff filed a supplemental list, adding two witnesses.

Rule V(a) provides in relevant part:

(1) A party intending to file a Motion to Set and Certificate of Readiness shall first file a list of witnesses and exhibits intended to be used at trial other than those to be used solely for impeachment;

(2) Within 20 days after service of such list, all other parties shall also file a list of their witnesses and exhibits intended to be used at trial other than those to be used solely for impeachment;

(3) Within the ten days after the expiration of the time provided for filing the other parties' lists, but not earlier, any party may file a Motion to Set and Certificate of Readiness.

If a Motion to Set and Certificate of Readiness is not filed within the ten-day period, or for any reason is stricken, the lists of witnesses and exhibits shall not be final, and no Motion to Set and Certificate of Readiness shall be filed thereafter without compliance again with the procedure for listing witnesses and exhibits set forth in this Rule.

No exhibits or witnesses shall be used at trial other than those listed in accordance with this Rule, except for good cause shown or upon a written agreement of the parties.

On September 30, 1985, 27 days after its initial list, but only 17 days after its supplemental list, plaintiff filed its motion to set and certificate of readiness. Defendants had by then filed no witness and exhibit list of their own. Nor had they had 20 days

from receipt of the supplemental list in which to do so. Yet defendants filed no controverting certificate; nor did they otherwise object to plaintiff's supplemental list of witnesses or assert the prematurity of plaintiff's motion to set.

By minute entry of October 29, 1985, the court set trial for January 23, 1986. Defendants maintained their silence. On December 3, 1985, plaintiff filed a motion *in limine* to preclude the defendants from presenting witnesses or exhibits because of their failure to comply with the listing requirements of Rule V. On December 23, 1985, defendants responded to the motion *in limine* and finally filed a witness and exhibit list. Defendants advanced, as good cause for late filing, a breakdown in their attorney's calendaring system attributable to confusion engendered by the plaintiff's supplemental list. The trial court found good cause lacking; it granted plaintiff's motion *in limine*. Defendants moved for relief from this ruling and to strike plaintiff's motion to set and certificate of readiness. Both motions were denied.

The case proceeded to trial on the scheduled date. Plaintiff's counsel presented evidence. Defendants and their counsel chose not to appear. The trial court entered judgment for the plaintiff in the amount of $78,161.88, representing principal and prejudgment interest on the promissory note, and in the additional amount of $17,948.74 for third-party obligations. The court dismissed defendants' counterclaim with prejudice and awarded the plaintiff costs and attorneys' fees. Defendants chose not to seek a new trial or relief from judgment in the trial court. Rules 59 and 60, Arizona Rules of Civil Procedure. Instead they proceeded directly by appeal.

## CLERICAL OR JUDGMENTAL ERROR

As their first ground for relief, defendants argue that the trial court miscalculated the judgment and that its miscalculation should be corrected on appeal. Specifically, defendants maintain that the trial court

miscalculated the principal balance of the promissory note, and they append calculations to their brief to prove it. For the purpose of this discussion we assume that their calculations are correct.

The trial court did not independently calculate the principal balance. Rather, it accepted the testimony of a witness for plaintiff, who offered a principal balance figure without back-up calculations. No counsel appeared for defendants to probe or challenge his figure; no witness appeared for defendants to correct it. We assume for the sake of discussion that plaintiff's figure was incorrect.

■ Plaintiff argues that, whether or not the figure was incorrect, defendants waived their right to challenge it by foregoing any presence at the trial. The validity of this argument turns on the question whether the asserted error was clerical or judgmental. Objection to judgmental error, except where fundamental, cannot be advanced for the first time on appeal. *Monte Produce, Inc. v. Delgado*, 126 Ariz. 320, 614 P.2d 862 (App.1980); *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271 (App.1978). Clerical errors, by contrast, are governed by Rule 60(a), Arizona Rules of Civil Procedure, which provides:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders. During pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.[1]

■ Whether error is judgmental or clerical turns on the question whether the error occurred in rendering judgment or in recording the judgment rendered. 46 Am. Jur.2d, *Judgments* § 202 (1969). The power to correct clerical error does not extend

---

1. Defendants have not sought this court's leave to apply to the trial court to correct the judgment pursuant to Rule 60(a). Such an effort, however, would be unavailing in light of the conclusions expressed below.

to the changing of a judgment, order, or decree which was entered as the court intended. *See, e.g., Hiawassee Lumber Co. v. United States,* 64 F.2d 417 (4th Cir. 1933); *Reed v. Howbert,* 77 F.2d 227 (10th Cir.1935); *Van Tiger v. Superior Court,* 7 Cal.2d 377, 60 P.2d 851 (1936); *Jones v. Bass,* 49 S.W.2d 723 (Tex.Com.App.1932); Annot., 126 A.L.R. 956, 980 (1940). In this case the trial court intended to enter judgment in the amount that the defendants now challenge. If there was error in the amount, the error was not clerical but judgmental, and defendants' failure to object at trial precludes correction on appeal.

■ In defendants' reply brief, they urge us to find that any miscalculation of the amount of judgment would be "fundamental error." "Fundamental error" goes to the foundation of the case or deprives a party of an essential right. This doctrine is applied sparingly in civil cases, *Johnson v. Elliott,* 112 Ariz. 57, 537 P.2d 927 (1975), and we find no occasion for its application here.

## COMPOUND INTEREST

In calculating prejudgment interest accrued on the promissory note, the plaintiff offered computations that incorporated yearly compounding of interest. Defendant's counsel had advised plaintiff's counsel before trial that he would not appear and had requested that plaintiff's counsel relay his objection to compound interest. Plaintiff's counsel honorably did so, but argued plaintiff's position that compound interest was implicit in the note's provision for an annual payment. The trial court acknowledged defendants' objection, but accepted plaintiff's position.

■ In *Fairway Builders, Inc. v. Malouf Towers Rental Co.,* 124 Ariz. 242, 603 P.2d 513 (App.1979), this court rejected appellant's argument that prejudgment interest should have been compounded. There was no indication in that case, however, that the parties had contracted for compound interest. In *Westberry v. Reynolds,* 134 Ariz. 29, 653 P.2d 379 (App.1982), we found provision only for simple, not compound, interest in A.R.S. § 44–1201, the

Arizona statute that sets the rate of interest for legal indebtedness in the absence of a written contractual provision by the parties. Neither case precludes enforcement of a contractual provision that prejudgment interest in suits arising from the contract be compounded. In the case at hand the trial court faced the issue whether the parties' note provided for compound interest upon default. The plaintiff argued that it did. Although defendants' counsel invoked his adversary's aid to relay a bare objection to compound interest, he offered no counter-interpretation of the note. It is not incumbent upon the court to develop an argument for a party. *See, e.g., Pauley v. Hadlock,* 21 Ariz. 340, 188 P. 263 (1920); *Nationwide Resources Corp. v. Massabni,* 134 Ariz. 557, 658 P.2d 210 (App.1982). We find no error in the trial court's ruling on the record before it.

## GOOD CAUSE FOR LATE FILING

Defendants argue that the trial court abused its discretion in precluding their presentation of witnesses and exhibits at trial. Defendants' counsel, a member of the Arizona bar, explained his listing failure thus: In accordance with his calendaring system, this file was pulled for timely preparation of the responding witness and exhibit list when plaintiff's witness and exhibit list was received. However, his system was confounded by the receipt of plaintiff's supplemental list before defendants' responding list was scheduled for dictation. An inexperienced secretary removed the file from the dictation file group, failed to return it, and failed to recalendar a time for preparation of a responding list; unaware that this error had occurred and that the list was never prepared or filed, defendants' counsel interpreted plaintiff's motion to set and certificate of readiness as an indication that defendants' list of witnesses and exhibits had been filed.

Counsel presents this as an oversight, resting on a clerical, calendaring error, that should have been excused. Counsel points out that secretarial error has been treated as excusable neglect to set aside judgment pursuant to Rule 60(c), Arizona Rules of

Civil Procedure. *See, e.g., Coconino Pulp and Paper Co. v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957); *Kohlbeck v. Handley*, 3 Ariz.App. 469, 415 P.2d 483 (1966). He argues that such error should likewise excuse his failure to comply with Rule V's listing requirements and should constitute "good cause" for defendants' use of untimely listed witnesses and exhibits at trial.

■ If defendants' listing failure had been solely attributable to an instance of secretarial error, and if defendants' counsel were able to show that he had otherwise diligently and actively processed the case, we might agree that the the trial court abused its discretion in granting the motion *in limine.* In *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987), the Arizona Supreme Court stated that Uniform Rule V "should not be used to trap the unwary or the momentarily negligent."

However, diligence is the prime criterion of excusability. *See, e.g., City of Phoenix v. Geyler*, 144 Ariz. 323, 332, 697 P.2d 1073, 1082 (1985). And in this case defendants' counsel can neither attribute his oversight solely to secretarial error, nor show diligence of his own. The filing of plaintiff's supplemental list was an occasion for a lawyer's, not a secretary's, judgment as to its effect on the Rule V filing sequence. The subsequent receipt of plaintiffs' motion to set and certificate of readiness was another occasion for a lawyer's judgment and should have triggered counsel's determination whether a controverting certificate should be filed. Had counsel reviewed the file to make that determination, he would have discovered that he had neither prepared nor filed a witness and exhibit list for his clients. The trial court's minute entry setting a trial date evoked no greater action from defendants' counsel than had plaintiff's supplemental witness list or its motion to set. The apparently complete inaction of defendants' counsel from receipt of plaintiff's supplemental witness list of September 30 through receipt of its motion *in limine* of December 3 reflects neither vigorous pursuit of his clients' case nor a reasonable effort to inform himself of the case's status. *See Gorman*, 152 Ariz. at 183, 731 P.2d at 78.

We additionally note that when defendants filed their belated list of witnesses and exhibits, it did not meet the requirements of Rule V. Five of the eight listed witnesses were not named but listed solely as "designated employee" of a named employer. The State Bar Committee Note following the rule provides that witnesses be named specifically, not generically.

We decide upon the facts presented that the trial court acted within its discretion in finding defendants' untimely witness and exhibit list unjustified by good cause.[2]

## MOTION TO STRIKE PLAINTIFF'S MOTION TO SET AND CERTIFICATE OF READINESS

■ Finally, defendants argue that the trial court erred in denying their motion to strike plaintiff's motion to set and certificate of readiness. If the defendants had presented the substance of this motion in a timely controverting certificate, their position would have been well taken. Uniform Rule V(a)(2) extends litigants twenty days from service of another party's witness and exhibit list to prepare and file a witness and exhibit list of their own. The initial filer may not circumscribe his adversaries' response time by expanding his initial listing through a supplemental filing. Rather, the supplemental filing incorporates but supercedes the original witness and exhibit list, and extends all other parties twenty days from its receipt within which to re-

---

**2.** The three witnesses listed by defendants by name in their belated filing were defendants James L. Van Duyne, Peter Dix, and Keith L. Webb. Each of these witnesses was also listed by the plaintiff. Some of the exhibits listed by defendants were also listed by plaintiff. Defendants neither argued to the trial court nor to this court that, even if they were precluded from using witnesses or exhibits *unlisted by plaintiff,* they should at least be permitted to use those on plaintiff's list. Because defendants have not advanced this argument, we do not consider whether such an amelioration of the trial court's order of preclusion would have been appropriate.

spond.[3] Although Rule V does not explicitly state as much, this interpretation is implicit within the rule's establishment of a twenty-day witness and exhibit list response time. Accordingly, when the plaintiff filed its motion to set and certificate of readiness only seventeen days after filing its supplemental witness and exhibit list, it did so prematurely. The motion was subject to timely controversion. Defendants, however, did not object in timely fashion. They filed no controverting certificate. They filed no witness and exhibit list, even within twenty days from their receipt of plaintiff's supplemental list. They raised no objection to plaintiff's supplemental list or to the motion to set and certificate of readiness until trial was nearly at hand. Under these circumstances, we find no abuse of discretion in the trial court's refusal to strike the motion to set and certificate of readiness.

## ATTORNEYS' FEES

Plaintiff seeks an award of attorneys' fees for this appeal, but does not do so pursuant to A.R.S. § 12–341.01(A) and (B), which provide for fees in contested matters arising out of contract. Rather, plaintiff seeks an award against defendants and their counsel pursuant to A.R.S. § 12–349(A)(1). That statute provides in pertinent part:

A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorneys' fees, expenses and, at the court's discretion, double damages of not to exceed $5,000 against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

■ We are unable to say what merit defendants' trial positions might have had if their counsel had acted with sufficient

diligence to advance them. His failure to do so is a critical dispositional factor on appeal. However, we have also noted the prematurity of plaintiff's motion to set and certificate of readiness and its contribution to the unfortunate procedural history of this case. We do not find that the defendants have brought this appeal without substantial justification, and we deny the plaintiff's application for attorneys' fees pursuant to A.R.S. § 12–349(A)(1).

The judgment and ruling of the trial court are affirmed.

GRANT, P.J., and CONTRERAS, J., concur.

---

**3.** We limit this statement to supplemental lists filed before the case is set for trial. Efforts to name supplemental witnesses or exhibits thereafter are governed by Rule V(a)'s requirement of a written agreement of the parties or a showing of good cause.