976 P.2d 260

BCAZ CORPORATION, an Arizona corporation, Plaintiff–Appellant,

v.

Gordon J. HELGOE and Denise A. Helgoe, husband and wife; Gordon J. Helgoe, P.C., an Arizona professional corporation d/b/a Palms Chiropractic; Rock Falls Rehab, Inc., an Arizona corporation d/b/a Backbuilders Spine & Joint Rehab; Paul Woodcock and Bobbie

Woodcock, husband and wife; John Hall & Associates, Inc., an Arizona corporation; David Hitzig, Ltd., an Arizona corporation; David Hitzig and Jane Doe Hitzig, husband and wife, Defendants–Appellees.

Gordon J. Helgoe and Denise A. Helgoe, husband and wife, Counterclaimants–Appellees,

v.

BCAZ Corporation, an Arizona corporation, Counterdefendant–Appellant.

No. 1 CA–CV 98–0158.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 29, 1998.

Order Granting Motion
to Reconsider Fees March 25, 1999.

Lepley Law Offices, P.C. by Stephen C. Lepley, Phoenix, for Plaintiff–Appellant.

Owens & Pyper, P.L.C. by Mark B. Pyper, Phoenix, for Defendants–Appellees Helgoe.

Thomas & Elardo, P.C. by Neal B. Thomas, Phoenix, for Defendants–Appellees Hall.

Kenneth A. Winsberg, P.C. by Kenneth A. Winsberg, Phoenix, for Counterclaimants–Appellees.

### OPINION

GERBER, Judge.

¶ 1   Appellant BCAZ Corporation appeals from the trial court's dismissal of its case from the inactive calendar pursuant to Rule V of the Uniform Rules of Practice of the Superior Court of Arizona.[1]  We hold that BCAZ complied with the requirements of Uniform Rule V and that the trial court therefore erred in dismissing its claim.

### FACTS AND PROCEDURAL HISTORY

¶ 2   This lawsuit arises out of BCAZ's purchase of a chiropractic business from appellees Gordon Helgoe, his wife Denise Helgoe, and certain corporations.  BCAZ filed a complaint against the Helgoes, Gordon Helgoe's professional corporation, and another related corporation (collectively, "the Helgoe defendants").  BCAZ also named as defendants John Hall & Associates, Inc., the alleged broker in the sale, and various sales agents associated with John Hall & Associates, Inc. (collectively, "the broker defendants").  The complaint was filed in April, 1996.  BCAZ sought rescission and damages and alleged breach of contract, fraud and other theories of liability.  The Helgoe defendants filed an answer and counterclaim the following month.  In July, 1996, Joseph Herbert was substituted as counsel of record for BCAZ. The broker defendants filed their an-

---

1.  The Uniform Rules of Practice of the Superior Court of Arizona will be referred to as Uniform Rule ___ throughout this decision.

swer, counterclaim and third-party complaint in February, 1997.

¶ 3 Prior to the filing of the broker defendants' answer, the Helgoe defendants obtained a default judgment on their counterclaim against BCAZ. Following eight months of motion practice, the trial court eventually set aside the default judgment in May, 1997. In April and May, 1997, BCAZ and the broker defendants exchanged disclosure statements pursuant to Arizona Rules of Civil Procedure ("Ariz. R. Civ.P.") 26.1.

¶ 4 In August, 1997, Herbert moved to withdraw as attorney of record for BCAZ, citing "irreconcilable differences" between counsel and BCAZ. On September 2, 1997, an order placed the case on the inactive calendar as of that date, for the dismissal of all unadjudicated claims on November 1, 1997, unless before that date a motion to set was filed or a final judgment entered. On September 8, 1997, the trial judge signed an order permitting Herbert to withdraw as attorney of record for BCAZ.

¶ 5 BCAZ attempted to find new counsel. In mid-September, 1997, it contacted the law firm of Nearhood & Lepley, PLC. That firm filed a notice of appearance on October 9, 1997.[2] On that same date, it also filed a motion to amend the complaint, a list of witnesses and exhibits, and a motion to continue the case on the inactive calendar for 120 days. BCAZ argued in the motion to continue that, through no fault of its own, it had been inadequately represented by previous counsel. It stated that such counsel had failed to relay information regarding the default judgment and had conducted little or no discovery. BCAZ further claimed that the previous counsel had made numerous false representations that its case was being fully prosecuted and defended. Finally, BCAZ stated that it had been abandoned by former counsel and that it had not been allowed the opportunity to contest the withdrawal prior to the issuance of the court's order permitting the withdrawal. BCAZ sought a reasonable period of time in order for successor counsel to prepare its case.

¶ 6 BCAZ noted in its list of witnesses and exhibits that it had concurrently filed the motion to continue and stated that, although it believed that the filing of the list of witnesses and exhibits was premature under the facts and circumstances of the case, it was being submitted to preserve procedural rights to BCAZ.

¶ 7 On October 29, 1997, the Helgoe defendants filed their list of witnesses and exhibits. The next day, BCAZ filed a motion to set and certificate of readiness, because the trial court had not yet ruled on the motion to continue on the inactive calendar. The motion to set noted the pendency of BCAZ's prior motions to continue and to amend the complaint. BCAZ stated that the granting of its motion to continue would render the motion to set premature and moot and that "the Motion to Set was filed for the purpose of preserving [BCAZ's] rights under the applicable rules of procedure should its motion to continue not be granted." On October 31, 1997, the broker defendants filed their list of witnesses and exhibits. Some of the broker defendants filed another list of witnesses and exhibits on November 10, 1997.

¶ 8 On November 3, 1997, BCAZ filed a notice of request that its motion to continue on the inactive calendar and motion to amend the complaint be summarily decided, because the defendants had not yet filed a response to the motions. BCAZ requested in this motion for summary disposition that the court consider the motion to set as withdrawn following the granting of its motion to continue. On November 4, 1997, the broker defendants filed a response to the motion to continue. Counsel for the broker defendants apologized for the delay in filing the response, noting the illness of his secretary's son.

¶ 9 On November 6, 1997, the trial court granted BCAZ's motion to continue the case on the inactive calendar and motion to amend the complaint. It ordered that the case be carried on the inactive calendar until February 2, 1998. In the minute entry ruling, the

2. Stephen Lepley remains BCAZ's current counsel, although his firm is now Lepley Law Offices,

P.C.

court stated that no response to BCAZ's motions had been received and granted BCAZ's request to summarily decide its motions.

¶ 10 The broker defendants then filed a controverting certificate to BCAZ's motion to set and certificate of readiness on November 12, 1997. They stated in the controverting certificate that discovery could not reasonably be completed, that BCAZ's list of witnesses and exhibits was inconsistent with a previous disclosure statement, and that the list was prematurely filed.

¶ 11 On November 25, 1997, the trial court issued a minute entry stating that BCAZ's motion to set was denied and ordering the case to be dismissed. The court issued an additional minute entry on December 9, 1997, vacating its November 6, 1997 minute entry granting BCAZ's motions to continue and to amend its complaint and stating that such minute entry had incorrectly declared that the defendants had not responded to BCAZ's motions, because the broker defendants, in fact, had filed a response two days earlier. The trial court signed a judgment of dismissal of BCAZ's action on December 17, 1997, finding "that the Controverting Certificate to the Motion to Set and Certificate of Readiness is granted and the Motion to Set and Certificate of Readiness is denied."

¶ 12 On January 9, 1998, BCAZ filed a motion to vacate the judgment. On January 15, 1998, it filed a notice of appeal. The trial court subsequently held that it lacked jurisdiction to rule on the motion to vacate given the pending appeal. We have jurisdiction to consider this appeal pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B).

---

3. Uniform Rule IV provides in relevant part:
   **(a) Formal requirements.** All motions made before and after trial shall be in writing ... and shall be served on the opposing parties. Each opposing party shall within ten days thereafter serve and file any answering memorandum.
   **(b) Effect of non-compliance.** [I]f the opposing party does not serve and file the required

---

### DISCUSSION

**A. The Trial Court's Vacating of its Original Order Granting BCAZ's Motion to Continue on the Inactive Calendar**

¶ 13 As mentioned above, the trial court initially granted BCAZ's motion to continue the case on the inactive calendar, ordering that it be held on the inactive calendar until February 2, 1998. However, contrary to that order, the court subsequently dismissed the case on November 25, 1997, and then vacated its previous minute entry. BCAZ argues that the trial court's reversal of its previous ruling and dismissal of BCAZ's case was an abuse of discretion. Under the facts here, we agree.

¶ 14 BCAZ correctly notes in its brief that, pursuant to Uniform Rule IV, the court had the authority to initially grant its motion to continue the case on the inactive calendar due to the failure of any of the defendants to respond to BCAZ's motion within ten days after they were hand-delivered copies of the motion on October 9, 1997.[3] However, the court was not *required* by the rule to grant BCAZ's motion. In addition, the court's order granting the motion was in the nature of an interlocutory or intermediate order and therefore subject to change prior to final judgment. *See In re: Mario L.,* 190 Ariz. 381, 383, 948 P.2d 998, 1000 (App.1997).

¶ 15 Uniform Rule V(e)(2) requires that good cause be shown in support of a motion to continue on the inactive calendar. Whether the facts establish such good cause is a matter left to the sound discretion of the trial court. *Jepson v. New,* 164 Ariz. 265, 270, 792 P.2d 728, 733 (1990). The broker defendants[4] argue that BCAZ failed to show good cause to continue this case on the inactive calendar, and, therefore, the trial court did not abuse its discretion in vacating its

---

answering memorandum, ... such non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily.
Rule IV, Unif. R. Prac. Sup.Ct. Ariz.

4. Although all the defendants in this action are listed in the caption as appellees, only the broker defendants filed an answering brief.

previous order granting BCAZ's motion to continue until February 2, 1998. They further contend that, after the trial court denied BCAZ's motion to continue, the court was required by Uniform Rule V to dismiss the case, because it had been on the inactive calendar for more than two months. *See* Uniform Rule V(e) ("All cases remaining on the Inactive Calendar for two months shall be dismissed.") However, we need not reach the issue whether BCAZ showed good cause in its motion to continue. We hold that the trial court abused its discretion in dismissing the case after it had previously granted BCAZ's motion to continue, because BCAZ was denied important procedural rights prior to such dismissal.

■ ¶ 16  When BCAZ received notice of the trial court's minute entry order granting its motion to continue on the inactive calendar to February 2, 1998, it had every right to rely on this ruling and prepare for trial. Although Uniform Rule IV(a) permits a movant to submit a reply memorandum following the response of an opposing party to a motion, when BCAZ received the broker defendants' late response to its motion to continue, it had no reason to reply, given that its motion to continue had been granted. The trial court did not put the parties on notice that, notwithstanding the previous minute entry, it was considering the broker defendants' untimely response. Given this lack of notice, BCAZ was effectively denied an opportunity to reply to the broker defendants' response or to argue its motion to continue before the trial court. Under these circumstances, even if the trial court properly could have exercised its discretion to deny BCAZ's motion to continue on the inactive calendar, the trial court's reversal of its previous order granting BCAZ's motion to continue to February 2, 1998 without such opportunity to reply was an abuse of discretion. Further, as discussed below, the trial court erred in dismissing BCAZ's claim because BCAZ had timely filed a motion to set prior to the inactive calendar dismissal date.

**B.  Dismissal of BCAZ's Case Despite Conformity With Uniform Rule V.**

■ ¶ 17  BCAZ also argues that the trial court abused its · discretion in denying

BCAZ's right to set the case for trial because it had timely conformed with the procedural requirements of Uniform Rule V. Pursuant to Uniform Rule V(e), all cases remaining on the inactive calendar for two months shall be dismissed without prejudice for lack of prosecution unless, prior to the expiration of the two months, a proper motion to set and certificate of readiness is filed or the court, on motion for good cause shown, continues the case on the inactive calendar. In this case, BCAZ attempted to conform with both steps required by the rule prior to the expiration of the two-month period. In order to protect itself in case its motion to continue was not granted, BCAZ also filed a motion to set and certificate of readiness.

¶ 18  The rule provides that a party intending to file a motion to set and certificate of readiness first must file a list of witnesses and exhibits. *See* Uniform Rule V(a)(1). Within twenty days after service of such list, all other parties are to file their lists. *See* Uniform Rule V(a)(2). Within ten days after expiration of the time provided for filing the other parties' lists, a party may file a motion to set and certificate of readiness. *See* Uniform Rule V(a)(3).

¶ 19  BCAZ filed its list of witnesses and exhibits on October 9, 1997, at the same time it filed the motion to continue. The list was served on each of the defendants by hand-delivery on the same day. BCAZ thereafter filed its motion to set and certificate of readiness on October 30, 1997, which was within the time period prescribed by Uniform Rule V(a)(3). Because a proper motion to set was filed prior to November 2, 1997, the original inactive calendar dismissal date, the trial court should not have dismissed the case. *See* Uniform Rule V(d) ("Ten days after a Motion to Set and Certificate of Readiness has been filed, if a Controverting Certificate has not been filed, ... the clerk of the court ... *shall* place the case on the Active Calendar." (emphasis added)).

¶ 20  Although the broker defendants did file a controverting certificate here, the filing did not entitle the court to dismiss the case. Pursuant to Uniform Rule V(c), upon the filing of a controverting certificate, the court

"shall thereupon enter an order ... placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date." The rule, therefore, does not on its terms permit the court to refuse a party's request that its case be set for trial assuming it has complied with the requirements of the rule, even if the opposing party has filed a controverting certificate. Rather, upon the filing of a controverting certificate, the court should either immediately place the case on the active calendar or, upon good cause shown by the party filing such certificate, specify a later date for placement on the active calendar.

¶ 21 For instance, in *Gorman v. City of Phoenix*, 152 Ariz. 179, 731 P.2d 74 (1987), the plaintiff filed a motion to set and certificate of readiness and the defendant filed a controverting certificate. The defendant contended in the controverting certificate that discovery was incomplete and that certain motions made by the plaintiff to amend its complaint were pending. *Id.* at 180, 731 P.2d at 75. The trial court agreed with the defendant's contentions and struck the motion to set. However, although the case had been on the inactive calendar for over two months, the court did not dismiss the case but rather ordered the case continued on the inactive calendar. The court ordered that the case would be dismissed by the stated dismissal date unless the plaintiff filed an amended motion to set. *Id.*

¶ 22 The broker defendants' controverting certificate argued that BCAZ's list of witnesses and exhibits was inconsistent with its previous disclosure statement. It also stated that the list of witnesses and exhibits and the motion to set were both defective on their faces because BCAZ stated they were premature. These contentions were insufficient to permit the court to refuse to accept BCAZ's motion to set.

¶ 23 First, the disclosure statement that the broker defendants claimed was inconsistent was not part of the record and the trial court had no way to verify such alleged inconsistency. Additionally, the broker defendants have offered no authority for their claim that any such inconsistency could provide the basis for the trial court's denial of BCAZ's motion to set. If there was such inconsistency, the broker defendants could have filed an exclusionary motion prior to trial.

¶ 24 We also disagree that BCAZ's list of witnesses and exhibits and motion to set and certificate of readiness were defectively premature on their faces. BCAZ merely stated in these documents that they were premature if the motion to continue was granted. BCAZ's intent in filing the list and the motion to set was to protect itself from dismissal in case the motion to continue was denied. Its statements did not constitute fatal declarations rendering the documents "premature."

¶ 25 The broker defendants also claimed in the controverting certificate that discovery could not reasonably be completed. BCAZ certified in its motion to set that the parties had completed, or would have had a reasonable opportunity to complete discovery within sixty days after the filing of the certificate of readiness.[5] If the court agreed with the broker defendants' contention that their discovery could not be so completed, it should have continued the case on the inactive calendar as the trial court did in *Gorman*, not dismissed it. *See* Uniform Rule V(c). As our supreme court has noted, Uniform Rule V was designed "to provide a convenient administrative practice which·would bring to the attention of the court and the attorneys involved the fact that ample time had elapsed in which to prepare a case for trial[,] ... not ... to place a sword in the hands of defendants' attorneys which will enable them to

5. Rule 6.2(a) of the Local Rules of Practice for the Superior Court of Maricopa County provides that all motions to set and certificates of readiness shall certify that the parties have completed, or have had a reasonable opportunity to complete, all procedures under Ariz. R. Civ. P. 26 to 37 at the time of filing of certificate of readiness. Although BCAZ did not make this exact certifica-

tion, none of the defendants argued below or have argued on appeal that this rendered the motion to set invalid. BCAZ's failure to make the exact certification mentioned in the Local Rule did not entitle the court to reject the motion to set in its entirety and summarily dismiss the case. This is especially true where it is unclear what further discovery the parties had planned.

abruptly terminate litigation." *Campbell v. Deddens,* 93 Ariz. 247, 249–50, 379 P.2d 963, 964–65 (1963).

¶ 26    The broker defendants also argue for the first time on appeal that BCAZ did not comply with the procedural requirements of Uniform Rule V because the original witnesses and exhibits list filed by BCAZ was not signed by counsel. We disagree that the omission of counsel's signature rendered the list invalid. Rule 11(a), Ariz. R. Civ. P., provides that all pleadings, motions, and other papers of a party represented by an attorney shall be signed by the attorney, and, if such papers are not signed, they shall be stricken unless signed promptly after the omission was called to the attention of the movant or pleader. Here, BCAZ promptly corrected the omission on its own initiative. It filed a new, signed list of witnesses and exhibits on October 29, 1997. Therefore, the previously filed list was not invalid.

¶ 27    Finally, we disagree with the broker-defendants' argument that the trial court properly denied BCAZ's motion to set and dismissed its case because of lack of prosecution. The trial court did not state in its minute entries or the judgment why it denied BCAZ's motion to set, and none of the defendants ever moved to dismiss BCAZ's case for lack of prosecution. *See* Local Rules of Practice for the Superior Court of Maricopa County 3.6(a) (civil actions shall be dismissed for failure to prosecute, at the discretion of the court, upon written motion and notice to opposing counsel). Uniform Rule V requires that good cause be shown in support of a motion to continue on the inactive calendar, and diligence in pursuit of the case is an important aspect of such good cause. *See, e.g., Jepson,* 164 Ariz. at 270, 792 P.2d at 733. However, the rule does not provide that good cause must be established in support of a party's timely and proper motion to set.

¶ 28    The broker defendants erroneously rely on such cases as *Jepson; Mission Ins. Co. v. Cash, Sullivan & Cross,* 170 Ariz. 105, 822 P.2d 1 (App.1991); and *Gorman v. City of Phoenix,* 152 Ariz. 179, 731 P.2d 74 (1987). Those cases discussed the showing necessary to obtain relief under Rule 60(c), Ariz. R. Civ. P., from a judgment of dismissal resulting from failure to comply with Uniform Rule V. In each of those cases, the plaintiffs had failed to take the steps necessary to bring their cases to trial pursuant to Uniform Rule V. *See, e.g., Jepson,* 164 Ariz. at 268–69, 792 P.2d at 731–32; *Mission Ins. Co.,* 170 Ariz. at 107, 822 P.2d at 3; *Gorman,* 152 Ariz. at 180, 731 P.2d at 75. Rather, the plaintiffs in those cases sought relief under Ariz. R. Civ. P. 60(c) only after an automatic dismissal had occurred following the failure to timely move to continue or to set prior to the expiration of the two-month inactive calendar period. In contrast, BCAZ did comply with the steps set forth in Uniform Rule V. Although lack of vigorous pursuit of the case may foreclose relief from a dismissal if a party has not complied with Uniform Rule V, it does not justify dismissal where a party has complied with the rule.

¶ 29    Uniform Rule V was designed to standardize the inherent power of trial courts to dismiss cases for lack of prosecution. *See Campbell,* 93 Ariz. at 249, 379 P.2d at 965. We agree with BCAZ that the trial court ruled here as if the rule did not exist. The trial court erred in dismissing BCAZ's case when it had timely filed a proper motion to set.

¶ 30    We reverse the judgment of dismissal and remand for further proceedings.

NOEL FIDEL, Judge, and SARAH D. GRANT, Judge, concur.

### SUPPLEMENTAL OPINION

¶ 1    In our opinion in *BCAZ Corp. v. Helgoe,* 286 Ariz. Adv. Rep. 3, 194 Ariz. 11, 976 P.2d 260 (App.1998), we granted BCAZ's motion for attorneys' fees on appeal pursuant to A.R.S. section 12-341.01(A). Upon further reflection, and based on the parties' pleadings addressing fees, we conclude that we should deny such fees with leave to re-urge them in the trial court.

¶ 2    The Arizona Supreme Court held in *Wagenseller v. Scottsdale Memorial Hosp.* that a party who prevails on an interim appeal may be eligible for an award of fees under A.R.S. section 12-341.01 if the appeal finally determines a central issue of law "suf-

ficiently significant that the appeal may be considered as a separate unit." 147 Ariz. 370, 393–94, 710 P.2d 1025, 1048–49 (1985). The appeal in this case did not finally determine a significant issue of law central to the merits of the case but, instead, held that the trial court had erroneously dismissed the case on a procedural issue before the case began to develop. An award of fees on appeal is therefore not appropriate under *Wagenseller.*

¶3 We hereby strike the last sentence of *BCAZ Corp. v. Helgoe, supra,* and vacate any award of attorneys' fees, with leave to each party to seek attorneys' fees from the trial court at the conclusion of trial court proceedings.

NOEL FIDEL, Judge, and SARAH D. GRANT, Judge, concur.