NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOSEPH DOMINGUEZ, *Plaintiff/Appellant,*

*v.*

NATIONAL SHOTCRETE, LLC, *Defendant/Appellee.*

No. 1 CA-CV 17-0212
FILED 5-31-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-092363
The Honorable David King Udall, Judge

**AFFIRMED**

COUNSEL

Peshkin & Kotalik, PC, Phoenix
By E.J. Kotalik, Jr.
*Co-Counsel for Plaintiff/Appellant*

J. Ridge Hicks, PLC, Mesa
By J. Ridge Hicks
*Co-Counsel for Plaintiff/Appellant*

Elardo Bragg & Rossi PC, Phoenix
By Venessa J. Bragg, Jarin K. Giesler, Katy Stewart
*Counsel for Defendant/Appellee*

---

### MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**C R U Z**, Judge:

¶1        Appellant Joseph Dominguez appeals from the final judgment dismissing his complaint against Appellee National Shotcrete, LLC, for lack of prosecution.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        Dominguez alleges that on April 30, 2013, while he was driving a truck, an employee of National Shotcrete lost control of a grout pump hose and the hose sprayed concrete at high pressure as he drove by, shattering the driver-side window and injuring him.

¶3        On April 23, 2015, Dominguez filed his negligence complaint against National Shotcrete.  On July 29, 2015, the trial court issued a notice of intent to dismiss for lack of service.  Three days before the service deadline, Dominguez served National Shotcrete.

¶4        On January 27, 2016, the case was placed on the dismissal calendar, setting the case for dismissal on March 28, 2016.  On March 18, 2016, Dominguez filed his first *ex parte* motion to continue the case on the dismissal calendar for ninety days to provide time for National Shotcrete to answer and disclosure statements to be exchanged.  The trial court continued the case on the dismissal calendar until June 20, 2016.

¶5        On June 13, 2016, Dominguez filed his second *ex parte* motion to continue the case on the dismissal calendar, informing the trial court that his counsel made a calendaring error in revoking the extension to file an answer, and there was not sufficient time for National Shotcrete to answer before the dismissal deadline.  The court granted the second motion and continued the case on the dismissal calendar until Dominguez' proposed deadline, August 19, 2016.

¶6        National Shotcrete filed its answer on June 30, 2016. Additionally, National Shotcrete also sent Dominguez Requests for Admission, Requests for Production, and Uniform and Non-Uniform

Interrogatories. On August 17, 2016, Dominguez responded to the Requests for Admission and served his Initial Rule 26.1 Disclosure Statement. Dominguez did not timely answer and/or object to National Shotcrete's Uniform and Non-Uniform Interrogatories within thirty days of service as required under Arizona Rule of Civil Procedure ("Rule") 33(b)(1). The parties agreed to a mutual extension for National Shotcrete to serve its disclosure statement and for Dominguez to respond to the remaining discovery. Dominguez served no requests for production, uniform or non-uniform interrogatories, or requests for admission.

¶7          On October 4, 2016, the trial court dismissed the matter without prejudice for lack of prosecution. Two days later, Dominguez moved to vacate the dismissal on Rule 60 grounds of excusable neglect and extraordinary circumstances because the statute of limitations had expired. The court denied Dominguez' motion and entered final judgment in favor of National Shotcrete.

¶8          Dominguez timely appealed.[1] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[2]

## DISCUSSION

¶9          Dominguez argues the trial court abused its discretion in denying his motion to vacate the judgment of dismissal pursuant to Rule

---

[1]     National Shotcrete moved to dismiss this appeal, asserting Dominguez failed to file a timely notice of appeal. We disagree. Dominguez filed his notice of appeal within thirty days of the amended judgment in this case. ARCAP 9(a); *see Baker v. Emerson*, 153 Ariz. 4, 8 (App. 1986) (providing that a party must file notice of appeal from an amended judgment that substantially alters the original judgment). We accordingly deny National Shotcrete's motion.

[2]     Although Dominguez is appealing the denial of his motion to vacate, the underlying judgment is also appealable under A.R.S. § 12-2101(A)(3) (formerly A.R.S. § 12-2101(D)). *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, ¶ 15 (2009) (noting that "[t]he classic example of an order falling under A.R.S. § 12-2101(D) is a dismissal without prejudice after the statute of limitations has run").

60(c)(1) and (6).[3]  We review a trial court's ruling on a motion for relief under Rule 60(c) for an abuse of discretion.  *Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005).  Under this standard of review, we will "affirm where any reasonable view of the facts and law might support the judgment of the trial court."  *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985).  Generally, the trial court has broad discretion when considering motions under Rule 60(c), and we will sustain the court's decision unless "undisputed facts and circumstances require a contrary ruling."  *Id.*

I.     The Trial Court Reasonably Found No Excusable Neglect.

**¶10**          To obtain relief under Rule 60(c)(1) from a dismissal for lack of prosecution, Dominguez "must show (1) mistake, inadvertence, surprise or excusable neglect; (2) that relief was sought promptly; and (3) that a meritorious claim existed."  *Maher*, 211 Ariz. at 550, ¶ 21.  Courts must consider the totality of the circumstances when deciding whether to grant relief under Rule 60(c)(1).  *Am. Asphalt & Grading Co. v. CMX, L.L.C.*, 227 Ariz. 117, 119, ¶ 11 (2011); *see also Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 90 (App. 1993).

**¶11**          We focus on the first element, a showing of "mistake, inadvertence, surprise or excusable neglect."   Dominguez argues his neglect was excusable.  "Neglect is excusable when it is such as might be the act of a reasonably prudent person in the same circumstances."  *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993) (citation omitted).  However, "carelessness is not synonymous with excusable neglect."  *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 309 (1983).

**¶12**          Dominguez' counsel admitted that he received the order setting the dismissal date from the trial court but failed to print it, so the dismissal deadline did not get calendared.  Dominguez argues that "a fleeting lapse by counsel" and a "momentary lapse" in failing to print the e-mail resulted in missing the dismissal deadline.

**¶13**          There is no basis to find that the trial court abused its discretion in denying Dominguez' motion to vacate on grounds of excusable neglect.  The case was dismissed because Dominguez failed to adhere to a deadline he requested.  Despite arguing that he had a

---

3        Effective January 1, 2017, the former Rule 60(c) was renumbered as Rule 60(b).  Ariz. R. Civ. P., prefatory cmt. to the 2017 amendments.  This memorandum decision will refer to former Rule 60(c) because the relevant events took place prior to January 1, 2017.

"momentary lapse," it was not the first time Dominguez made a calendaring error. Failure to properly calendar a deadline was the confessed reason for Dominguez' second motion to continue the case on the dismissal calendar. We do not believe that a reasonably prudent person under similar circumstances would make repeated serious calendaring errors. *Ulibarri*, 178 Ariz. at 163. We therefore find that Dominguez failed to establish that he is entitled to relief under Rule 60(c)(1).

II.     The Trial Court Did Not Abuse Its Discretion in Denying Dominguez' Motion Under Rule 60(c)(6).

¶14     Dominguez also argues he is entitled to relief under Rule 60(c)(6) because the statute of limitations has run on his claim and a dismissal will result in substantial prejudice. To obtain Rule 60(c)(6) relief, a plaintiff must show:

> extraordinary circumstances of hardship or injustice justifying relief as well as proof that (1) plaintiff diligently and vigorously prosecuted the case; (2) the parties took reasonable steps to inform the court of the case status; (3) substantial prejudice will result unless relief is granted; (4) plaintiff sought relief promptly[;] and (5) plaintiff has a meritorious claim.

*Copeland*, 176 Ariz. at 89. A court must consider the "'totality of facts and circumstances' to determine whether Rule 60(c)(6) relief is appropriate." *Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 433, ¶ 7 (App. 2012), *quoting Roll v. Janca*, 22 Ariz. App. 335, 337 (1974). "Although the running of the statute of limitations presents an extraordinary hardship . . . this fact alone does not constitute grounds for relief under Rule 60(c)(6)." *Jepson v. New*, 164 Ariz. 265, 270 (1990).

¶15     Dominguez has not sustained his burden of showing the trial court abused its discretion in determining he is not entitled to relief under Rule 60(c)(6) because he has not demonstrated that he vigorously prosecuted the case. *See Copeland*, 176 Ariz. at 89. The court ruled that the case was previously "extended on the dismissal calendar for dismissal unless specified action was taken before a certain date. The date has passed, and the specified action has not been taken." The court implicitly determined Dominguez had not established he had diligently and vigorously prosecuted his claim or taken steps to inform the court of the case's status. *Id.*

¶16 Dominguez relies on *Gorman v. City of Phoenix*, 152 Ariz. 179 (1987), to argue he diligently and vigorously prosecuted the case, but *Gorman* is distinguishable from this case. In *Gorman*, the record demonstrated "vigorous pursuit of a claim," including the taking of depositions, the exchange of a settlement letter, the filing of a motion to compel, and the filing of a motion for summary judgment, in addition to the exchange of interrogatories and requests for admissions. *Id.* at 180, 183. Additionally, the plaintiff's attorney had contacted the superior court to inquire about the status of the case and was told the case would not be dismissed. *Id.* Finally, the court also heard oral arguments on the motion to compel and the motion for summary judgment after the dismissal deadline had passed. *Id.* at 180.

¶17 Here, by contrast, Dominguez did not vigorously pursue his claim. No motions for summary judgment were exchanged. No depositions were taken. Dominguez failed to timely answer or object to National Shotcrete's Uniform and Non-Uniform Interrogatories under Rule 33(b)(1). Dominguez never served any of his own requests for production, uniform or non-uniform interrogatories, or requests for admission. No oral arguments were conducted. Nor did the court assure Dominguez it would not dismiss his lawsuit. Although the limitations period has expired, presenting Dominguez with an "extraordinary hardship," that alone does not constitute sufficient grounds for relief under Rule 60(c)(6). *See Jepson*, 164 Ariz. at 270.

## CONCLUSION

¶18 We find the trial court could reasonably conclude that Dominguez did not establish sufficient bases to obtain relief of subsection (1) or (6) of Rule 60(c). Therefore, the court did not abuse its discretion in dismissing Dominguez' claim. We affirm the judgment and award costs to National Shotcrete upon compliance with Arizona Rule of Civil Appellate Procedure 21.

