NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA ex rel. ARIZONA DEPARTMENT OF ECONOMIC
SECURITY (TAMI MARIE GAGLIARDI), *Petitioners/Appellees*,

*v.*

FRANK S. GAGLIARDI, *Respondent/Appellant*.

No. 1 CA-CV 15-0154 FC
FILED 3-1-2016

---

Appeal from the Superior Court in Maricopa County
No. FC 2007-003673
The Honorable Michael S. Mandell, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioner/Appellee Arizona Department of Economic Security*

Tami Marie Gagliardi, Buckeye
*Petitioner/Appellee*

Frank S. Gagliardi, Glendale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

D O W N I E, Judge:

**¶1**        The notice of appeal filed in this matter states that Frank S. Gagliardi ("Appellant") is appealing a judgment entered by the superior court on January 12, 2015. For the following reasons, we affirm that judgment.

**DISCUSSION**

**¶2**        Appellant and Tami Gagliardi ("Appellee") divorced in 2009. Since that time, they have engaged in extensive post-decree litigation. The January 12, 2015 judgment at issue in this appeal addresses child support modification issues. As such, and notwithstanding Appellant's identification of other issues in his opening brief, we confine our review to that judgment.

**¶3**        Appellant's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure. It lists a number of issues without corresponding legal arguments or citations to the record. An opening brief "must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim." *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004).

**¶4**        As we understand Appellant's arguments about the child support modification judgment, he contends the court credited him with insufficient parenting time. During the January 6 hearing that led to the January 12 judgment, Appellant asked the court to use the "Judge's order" of 145 days for his parenting time, whereas Mother argued 52 days was a more accurate figure. The court adopted neither parent's position, stating:

> The Court used 115 [days] in April and the Court is going to continue to use 115 today. There was no appeal filed or objection at that time with regard to the number of parenting days that was issued, and so the Court is going to continue to use those same days.

The record confirms that the court attributed 115 days of parenting time to Appellant when it calculated child support in April 2014. Appellant has not explained how the court erred in using that same figure in reassessing child support nine months later.

**¶5**     Appellant also argues the court should "remove credit from any parent that children are not in there [sic] custody while in the custody in a state taxed ran school system." He cites no legal support for this proposition. *See Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 14 (App. 2007) (appellate courts "will not consider arguments posited without authority"). Moreover, the limitation found in the Child Support Guidelines — that time a child spends at school should not be included — applies only when calculating parenting time for a noncustodial parent. *See* Ariz. Rev. Stat. § 25-320 app. § 11.

**¶6**     Appellant has waived his claim about an "[u]nnecessary change in medical percentage with no justification form [sic] prior judge in Pinal County" because he has not explained the argument or supported it with any factual or legal authority. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) (it is not the role of an appellate court to develop a party's arguments).

**¶7**     Finally, Appellant claims the commissioner who ordered the child support modification was biased against him. "A trial judge is presumed to be free of bias and prejudice, and a [party] must show by a preponderance of the evidence that the trial judge was, in fact, biased." *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005). Appellant has presented no evidence of bias. His claims of inadequate notice of proceedings regarding Mother's petition to modify child support are not supported by the record. And the denial of his oral motion to continue does not establish judicial bias. *See, e.g., State v. Myers*, 117 Ariz. 79, 86 (1977) (to demonstrate bias, party must show "a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants").

## CONCLUSION

**¶8** We affirm the judgment of the superior court. As the successful party on appeal, Appellee is entitled to recover her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama