NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KING, AMBASSADOR ANTHONY CAMBONI, ESQ.; SHANNON
CHABOUDY, *Plaintiffs/Appellants*,

*v.*

GOLDEN HILLS HOA; HEYWOOD REALTY; MARCUS KLINGER;
JANE DOE KLINGER; LOU DISSETTE; JANE DOE DISSETTE; JANA
BRANDT; ADAM BRANDT; JOHN BAROLDY; ANGIE BAROLDY; et al.,
*Defendants/Appellees*.

No. 1 CA-CV 15-0213
FILED 10-25-2016

Appeal from the Superior Court in Maricopa County
No. CV 2014-091592
The Honorable Mark F. Aceto, Judge (Retired)

**AFFIRMED**

COUNSEL

King, Ambassador Anthony Camboni, Sun City West
*Plaintiff/Appellant In Propria Persona*

Jones Skelton & Hochuli, PLC, Phoenix
By Edward G. Hochuli, Phillip H. Stanfield, Jonah E. Rappazzo, Justin M.
Ackerman
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

D O W N I E, Judge:

¶1        After the superior court dismissed a civil complaint against Golden Hills Homeowners' Association ("Golden Hills") and related parties (collectively, "Defendants"), this appeal ensued. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The January 2014 complaint filed in this matter alleges that Shannon Chaboudy, acting on behalf of an entity known as You've Got Better Things to Do ("YGBTTD"), entered into a contract with Golden Hills to provide "web hosting and management services."[1] According to the complaint, Anthony Camboni "contracted to provide services to [YGBTTD] and/or Plaintiff Chaboudy." Chaboudy, Camboni, and YGBTTD (collectively, "Plaintiffs") alleged numerous claims arising out of the contractual relationship with Golden Hills. Chaboudy signed the complaint on behalf of YGBTTD.

¶3        Some of the defendants moved to dismiss, alleging deficiencies in service of process and arguing YGBTTD could only appear through counsel. Plaintiffs thereafter filed a "Motion for Opportunity to Retain Professional Counsel," acknowledging the need for YGBTTD to retain an attorney. The superior court denied the motion to dismiss without prejudice and extended the deadline for service of process to September 30, 2014, noting:

> By September 30, 2014, this case will be over 8 months old and Plaintiffs will have had a full and fair opportunity to (1) retain an attorney and (2) accomplish service on Defendants.

---

[1]        The complaint alleges that Chaboudy is the registered agent for "You've Got Better Things to Do!, Inc."

Under the circumstances, the Court makes note of the following:

- It is quite unlikely that the deadline for service in this case will be further extended.

- Time is clearly of the essence regarding efforts by Plaintiffs to retain counsel. The Court does not expect that it will further delay the progression of this case to allow Plaintiffs more time to retain counsel.

¶4 On September 11, 2014, Camboni — who is not a licensed attorney — filed a notice of appearance on behalf of all three plaintiffs. That same day, Plaintiffs filed an amended complaint signed by Camboni and Chaboudy.

¶5 Defendants moved to dismiss the amended complaint because it was not filed in compliance with Arizona Rule of Civil Procedure ("Rule") 15 and because Camboni could not represent anyone other than himself. *See Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362 (App. 1987) (non-licensed attorney cannot represent other parties). Camboni requested an extension of time for Plaintiffs to respond. The court granted Plaintiffs additional time, but admonished that:

**A NON-LAWYER MAY REPRESENT ONLY HIMSELF**

. . . .

A party may be represented in Court only by himself or herself or by an attorney authorized to practice law in Arizona. For example, Plaintiff Camboni may not represent any other Plaintiffs in this case. For example, Plaintiff Camboni may not represent Plaintiff Shannon Chaboudy. For example, Plaintiff Camboni may not make arguments, file pleadings, or appear in court on behalf of any Plaintiff other than himself.

A pleading purportedly filed on behalf of a party has no legal significance unless it is signed by that party or by an attorney authorized to practice law in Arizona. For example, a pleading purportedly filed on behalf of Plaintiff Chaboudy but not signed by Plaintiff Chaboudy would be subject to being stricken from the record.

3

Notwithstanding this specific admonition, Camboni, "representing Plaintiffs," filed responses to Defendants' motions.

¶6        The superior court struck the amended complaint as improper under Rule 15.  The court also dismissed all of YGBTTD's claims because the corporate entity was not represented by counsel.  The court directed Defendants to file an answer or other responsive pleading to the original complaint by December 11.

¶7        Defendants filed a motion to dismiss on December 11, asserting insufficient and untimely service of process under Rule 4 and failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  On December 19, a "Motion for Enlargement" was filed on behalf of "Plaintiffs," signed only by Camboni.  Camboni asserted in that filing that he was busy challenging the election of the Arizona Attorney General and "ha[d] been unable to read, or respond to Defendants' filings."  Camboni requested an additional 90 days to respond to Defendants' filings, "whatever they may be."

¶8        In January 2015, the superior court struck the motion for enlargement of time as to Chaboudy and YGBTTD and denied it as to Camboni.  Defendants lodged a proposed judgment and served a copy on Plaintiffs. On February 23, 2015, the court entered a signed order granting Defendants' motion to dismiss and entering final judgment pursuant to Rule 54(c).

¶9        A notice of appeal was filed on March 4, 2015, signed by Camboni and Chaboudy, stating that "Plaintiffs" appealed from the February 23 judgment.  This Court issued an order noting that Chaboudy had signed the notice of appeal on behalf of YGBTTD, and stating:

> IT IS FURTHER ORDERED that if You've Got Better Things to Do, Inc., intends to pursue this appeal, it must file a notice of appeal, through a licensed attorney, on or before July 15, 2015.  If You've Got Better Things to Do, Inc., fails to file a notice of appeal through a licensed attorney by July 15, 2015, You've Got Better Things to Do, Inc. will be dismissed from this appeal.

At Camboni's request, this Court later extended the deadline for YGBTTD to appear through counsel to August 14, 2015.  When YGBTTD failed to do so, it was dismissed as a party to this appeal and removed from the caption.  Camboni filed an opening brief, signing it on behalf of himself, Chaboudy, and YGBTTD.  But YGBTTD had already been dismissed, and

Camboni may not represent Chaboudy. *See Eliot*, 154 Ariz. at 362. Chaboudy neither filed an opening brief nor joined in Camboni's brief. Under these circumstances, Camboni is the only appellant properly before this Court.

## DISCUSSION

**¶10**　　　　Camboni's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure ("ARCAP"). It does not include a statement of facts "with appropriate references to the record." ARCAP 13(a)(5). Indeed, the opening brief includes no record citations at all. Additionally, the brief appears largely focused on attacking the system of regulating the practice of law in Arizona — most particularly the well-established tenet that non-attorneys may not represent other parties in court. But only Chaboudy and YGBTTD would be aggrieved by application of this law, and neither is before this Court for the reasons explained *supra*. At all relevant times, Camboni has been permitted to represent himself.

**¶11**　　　　Aside from a few unsupported assertions that the superior court erred by granting Defendants' motion to dismiss, the opening brief sets forth no cognizable legal argument. It is not this Court's responsibility to develop a litigant's argument. *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987). A party must present significant arguments, set forth his or her position on the issues raised, and include citations to relevant authorities, statutes, and portions of the record. *See* ARCAP 13(a)(6), (a)(7)(A), (b)(1); *see also Higgins v. Higgins*, 194 Ariz. 266, 270, ¶ 12 (App. 1999) (*pro se* litigant is held to the same standard as an attorney). The failure to present an argument in this manner usually constitutes abandonment and waiver of issues improperly raised. *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004); *see also State Farm Mut. Auto. Ins. Co. v. Novak*, 167 Ariz. 363, 370 (App. 1990) (refusing to consider arguments raised in opening brief that failed to comply with ARCAP requirements).

**¶12**　　　　Finally, Camboni is appealing from the grant of a motion to dismiss that he did not respond to in the superior court. *See* Rule 7.1 (If a party does not file a response in opposition to a motion, "such non-compliance may be deemed a consent to the denial or granting of the motion."). To the extent Camboni is challenging the denial of his request for an additional 90 days to respond to the motion, he has shown no abuse of discretion. It was reasonable for the court to conclude that Camboni failed to establish good cause for the requested extension of time "to

5

respond to Defendants' filings, whatever they may be." This is particularly true given the court's previous extensions of time and its detailed recitations of what Plaintiffs could and could not do in pressing their claims — admonitions Camboni repeatedly ignored.

## CONCLUSION

**¶13** We affirm the judgment of the superior court. Defendants request an award of attorneys' fees pursuant to ARCAP 25, which authorizes the imposition of sanctions against a party for filing a frivolous appeal. Camboni has not complied with ARCAP, has not raised meritorious legal arguments, and has caused unnecessary motion practice — all of which has needlessly consumed the time of opposing counsel and the court. In the exercise of our discretion, we will award Defendants a reasonable sum of attorneys' fees pursuant to ARCAP 25 upon receipt of an appropriate fee application. As the successful parties on appeal, Defendants are also entitled to recover their taxable costs on appeal upon compliance with ARCAP 21.

