NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

—————————————

ATR, an Arizona limited liability company,
*Plaintiff/Appellee*,

*v.*

CEC 141202761, LLC, an Arizona limited liability company; SCOTT
AYERS and ETSUKO AYERS, husband and wife,
*Defendants/Appellants*.

No. 1 CA-CV 15-0285
FILED 11-10-2016

—————————————

Appeal from the Superior Court in Maricopa County
No. CV2012-096617
The Honorable David M. Talamante, Judge

**JUDGMENT AFFIRMED**

—————————————

COUNSEL

Nussbaum Gillis & Dinner, P.C., Scottsdale
By Randy Nussbaum, John E. Parzych
*Counsel for Defendants/Appellants*

David Dick & Associates, Chandler
By David Dick
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1 Defendants Scott and Etsuko Ayers (collectively Ayers) and CEC 141202761, LLC (CEC) appeal from an adverse judgment entered after a bench trial on two claims asserted by plaintiff ATR. Defendants argue the judgment must be set aside because, as a matter of law, CEC did not breach the contractual implied duty of good faith and fair dealing (one of ATR's two claims) and, even if it did, that Ayers cannot be held personally liable for CEC's breach. The judgment, however, also is premised on the superior court's finding that defendants tortiously interfered with ATR's business expectancy (the second of ATR's two claims). Because defendants do not challenge on appeal the superior court's tortious interference finding, and because the judgment properly stands on that separate and independent ground on the record presented, the judgment is affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2 Scott Ayers has been CEC's member and manager at all times relevant here.

¶3 In May 2008, CEC entered into a five-year written lease (Master Lease) with New Millennium Auto Repair and Lube, LLC whereby New Millennium leased retail property CEC owned in Chandler. A Memorandum of Understanding (MOU), signed and incorporated into the Master Lease a few days later, specified an annual 4.5 percent increase for rent on the property. Also in May 2008, DDASVS, LLC, an entity in

---

[1] This court views the evidence in a light most favorable to sustaining the judgment. *Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996).

which Scott Ayers was a member and officer, loaned Ian Rayna $6,828 (the Rayna Loan).

¶4 In October 2009, New Millennium and ATR entered into a written sublease that assigned the Master Lease to ATR, and New Millennium sold its assets to ATR. Christopher Schwarz formed ATR at about that same time, and Schwarz has been member and manager of ATR at all times relevant here. CEC had notice of the transaction and did not object at that time.

¶5 From October 2009 until August 2012, ATR paid CEC rent and other related obligations under the Master Lease without significant incident.

¶6 In late 2011, ATR decided to sell its assets. Brian Fiori later expressed an interest in buying ATR's assets. By September 2012, ATR informed CEC of its intent to sell its assets to Fiori for $79,000. As a precursor to the sale, ATR sought CEC's approval for the assignment to Fiori of the Master Lease (which would expire in May 2013) as well as a renewal of the lease with Fiori. Ayers responded that CEC would be willing to agree to such an assignment and renewal if CEC was paid: (1) the outstanding Rayna loan and (2) rent Ayers claimed was past-due and owed under the Master Lease.

¶7 By October 2012, Ayers told Fiori and Schwarz that, based on the Rayna loan, Ayers had a lien against the assets ATR had purchased from New Millennium. Ayers told Fiori that he owned ATR's assets and offered to sell ATR's assets to Fiori. Ayers suggested ATR was in default under the Master Lease and started threatening eviction and to lock ATR out of the Master Lease property unless the amounts demanded were paid. Ayers also claimed ATR owed late charges and other payments under the Master Lease as modified by the MOU. Notwithstanding a lengthy course of dealing, Ayers represented to ATR that such amounts remained due and owing and noted a provision in the Master Lease stating acceptance of payments did not constitute a waiver of his right to collect those amounts.

¶8 Following these actions by Ayers, Fiori did not go through with the purchase of ATR's assets.

¶9 In late October 2012, ATR filed this case against CEC and Scott Ayers, naming Etsuko Ayers as a defendant solely for community property purposes. As relevant here, ATR asserted a tortious interference with business expectancy claim and a breach of the contractual implied

covenant of good faith and fair dealing claim. After CEC answered, and asserted and then withdrew counterclaims, and after substantial motion practice, the court held a three-day bench trial.

¶10        At trial, it was undisputed that there was never a lien on ATR's assets recorded by CEC or Ayers. After trial, the superior court found for ATR on both counts and awarded ATR $75,000, representing the $79,000 purchase price Fiori would have paid for the ATR assets less a $4,000 credit not challenged on appeal. After additional briefing, the court entered final judgment against both CEC and Ayers, awarding ATR $75,000 in damages; $24,500 in attorneys' fees and $939 in taxable costs.[2] This court has jurisdiction over defendants' timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1) and –2101(A)(1) (2016).[3]

## DISCUSSION

¶11        Defendants argue the judgment was erroneous because the superior court erred in finding they breached the contractual implied duty of good faith and fair dealing and by finding Ayers liable for that contract breach. Defendants, however, do not challenge the superior court's decision for ATR on the tortious interference with business expectancy claim, which adequately and independently supports the judgment.

¶12        Opening briefs must present and address arguments, supported by authority, that set forth the appellant's position on the issues raised. *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009); *accord* Ariz. R. Civ. App. P. 13(a)(7)(A). The failure to do so constitutes waiver. *Ritchie,* 221 Ariz. at 305 ¶ 62. By making no argument challenging the decision on the tortious interference claim, defendants have abandoned and waived

---

[2] Although the final portion of the judgment mentions only the good faith and fair dealing claim, the body of the judgment concludes evidence supported both claims, specifically mentioning the "interfer[ence] with [ATR's] business expectations by preventing the sale from [ATR] to Brian Fiori," a finding that mirrors the court's ruling after trial.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

any such challenge. *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011); *see also Ace Auto. Products, Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").[4] Moreover, waiver aside, the evidence relied upon by the superior court supports the tortious interference finding.

¶13        The elements required to establish the tortious interference claim asserted here are well-established under Arizona law. *See, e.g., Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa County, Inc.*, 130 Ariz. 523, 529–30 (1981) (citing cases); *Dube v. Likins*, 216 Ariz. 406, 411 ¶ 8 (App. 2008) (citing cases). Because the superior court is in the best position to judge the credibility of witnesses and weigh evidence, this court will affirm the factual findings unless they are clearly erroneous. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51 ¶ 11 (App. 2009). The record on appeal, including those facts summarized above, adequately supports the superior court's findings that ATR proved each of these elements as to CEC and Ayers.

¶14        The superior court found defendants tortiously interfered with ATR's business expectancy by: (1) conditioning approval of an assignment of the Master Lease to Fiori (or to renew the lease) upon repayment of the Rayna loan that ATR "had no obligation to assume;" (2) attempting to collect back rent under the Master Lease that CEC had waived its right to collect; (3) improperly asserting a lien on ATR's property and (4) threatening to evict or lock ATR out of the Master Lease property. These facts of record adequately support these findings as well as the superior court's finding for ATR on its tortious interference with business expectancy claim.

---

[4] During oral argument before this court, defendants asserted their arguments challenging the good faith and fair dealing finding constituted a challenge to the tortious interference finding. The briefs, however, do not support that assertion, meaning the issue was waived when it was not asserted in the opening brief. *See Skydive Arizona, Inc. v. Hogue*, 238 Ariz. 357, 364 n.2 (App. 2015) ("During oral argument, the parties raised arguments not in their briefs. Those arguments are therefore waived, and we decline to address them. 'Arguments raised for the first time at oral argument are waived.'") (citations omitted).

¶15 Defendants argue on appeal that Ayers could not be personally liable without first determining Scott Ayers served as an alter ego of CEC or by piercing CEC's corporate veil. Defendants failed to assert these arguments in the superior court, meaning they are waived on appeal. *See Continental Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995). And on appeal, these arguments are directed solely to the contractual good faith and fair dealing claim, meaning to the extent they could have applied to the tortious interference claim, they have been waived. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (noting issues not clearly raised and argued in appellate brief are waived).

¶16 Finally, the record supports the superior court's tacit finding that Scott Ayers' individual conduct was sufficient to impose direct tort liability against him, along with tort liability on CEC, without regard to concepts of alter ego or piercing the corporate veil. *See Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 127 ¶ 9 (App. 2008) (noting "[a]n agent will not be excused from responsibility for tortious conduct [merely] because he is acting for his principal") (citation omitted). This is particularly true given that the record reflects the beneficiary of the Rayna loan (which was not a CEC loan) was Ayers or another entity he controlled and not CEC. Nor have defendants shown error in entering judgment against Etsuko Ayers for community property purposes on this tort claim. *See Alosi v. Hewitt*, 229 Ariz. 449, 454 (App. 2012) ("The Arizona rule is that the community is liable for the intentional torts of either spouse if the tortious act was committed with the intent to benefit the community, regardless of whether in fact the community receives any benefit.") (citation omitted).

¶17 For these reasons, the superior court's finding that defendants tortiously interfered with ATR's business expectancy is affirmed. Because the judgment stands on that separate and independent ground, the judgment is affirmed.[5]

---

[5] On this unique record, where the judgment stands on this separate and independent ground, and the relief requested by defendants regarding the good faith and fair dealing claim would not result in the judgment being vacated, this court need not address the arguments pressed by the parties

**¶18**        Both sides seek an award of attorneys' fees on appeal, ATR pursuant to the Master Lease and A.R.S. § 12-341.01 and defendants pursuant to A.R.S. § 12-341.01. Because defendants are not the successful parties on appeal, their request is denied. Because ATR is the prevailing party under section 11 of the Master Lease (as to CEC), and the successful party under A.R.S. § 12-341.01 (as to Ayers, given this is a case "arising out of contract"), ATR's request for reasonable attorneys' fees on appeal is granted as to defendants. ATR also is awarded its taxable costs on appeal pursuant to A.R.S. § 12-341. These awards are contingent upon ATR's compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶19**        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

regarding the contractual good faith and fair dealing claim. *See, e.g.*, Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); Ariz. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."); *Minderman v. Perry*, 103 Ariz. 91, 93 (1968) (noting, when judgment entered after bench trial "did not rest solely" on challenged conclusion of law, "[i]n keeping with our established rules, if the ultimate judgment was correct as a matter of law it will be sustained") (citations omitted).