NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

ERICA LEANN GADBERRY LEAVITT, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0525
FILED 8-17-2023

Appeal from the Superior Court in Maricopa County
No.  CV2022-091257
The Honorable Stephen M. Hopkins, Judge, *Retired*

**AFFIRMED**

COUNSEL

John Danko, III, Mesa
*Plaintiff/Appellant*

Erica Leavitt, Scottsdale
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Cynthia J. Bailey joined.

---

**F U R U Y A**, Judge:

**¶1**        John Danko, III appeals a superior court order dismissing his amended complaint against Erica Leavitt and the Berkshire Law Firm (collectively, "Appellees") for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Leavitt is an attorney licensed to practice law in the state of Arizona. Before the present action, she represented parties opposed to Danko in a family law case.

**¶3**        Danko filed his first complaint against Leavitt in March 2022, primarily alleging defamation, slander, and libel. He also claimed Leavitt committed numerous other torts against him but did not plead any accompanying facts.

**¶4**        Leavitt filed a motion to dismiss for failure to state a claim for relief, arguing the absolute litigation privilege precluded Danko's claims for defamation, slander, and libel. Danko filed a response to the motion to dismiss and then filed an amended complaint in April 2022 which purported to add the Berkshire Law Firm as a defendant and requested an award of over $2.5 million, although the record does not reflect he served the amended complaint on the Berkshire Law Firm.

**¶5**        The superior court agreed with Leavitt's motion and dismissed the defamation, slander, and libel claims with prejudice in May 2022. It further found Danko had not sufficiently pleaded facts to support any of his other claims and dismissed them with prejudice as well.

**¶6**        Danko filed a motion for reconsideration which the court denied, and the court later entered final judgment against him in December 2022. He timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A), and 12-2101(A).

## DISCUSSION

**¶7**        On appeal, Leavitt asks that we dismiss Danko's appeal because his opening brief is deficient under Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. In his reply brief, Danko asks for leniency given his status as a non-attorney, self-represented litigant and because he believes his claims should not be dismissed because of "meaningless" rules.

**¶8**        Far from "meaningless," our supreme court has adopted rules parties must follow to bring or pursue an appeal to achieve a just, orderly, and expeditious disposition thereof. *See* ARCAP 1–31. In furtherance of these goals, we have "a responsibility to see that litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more importantly, to all litigants and the people as a whole." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up) (citation omitted). "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments." *Id.* (cleaned up) (citation omitted). Further, we hold litigants like Danko who choose to proceed without representation to the same standards as attorneys. *Id.* Indeed, requiring a reviewing court to expend significant time and effort to make a party's arguments for them not only wastes finite judicial resources, but is additionally improper because it trespasses dangerously close to the realm of impermissible advocacy. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

**¶9**        Relevant here, an appellant's opening brief must include, among other things: a "table of citations" with references to where in the brief each authority in the table appears; a "'statement of facts' that are relevant to the issues presented . . . with appropriate references to the record"; and an "argument" with appropriate supporting references to the record, legal authority, and the applicable standard of appellate review. ARCAP 13(a)(2), (5), (7).

**¶10**        Although Danko's opening brief includes a nominal "table of citations" purporting to list legal authorities, the cases recited do not have volume or case numbers and he does not explain how or where any of these legal authorities apply to the arguments in his brief. *See* ARCAP 13(f) (references to case law must include the volume and case number, among other things as applicable). Additionally, Danko's statement of facts includes numerous irrelevant "facts" concerning non-parties and altogether fails to provide any citations to the record. Moreover, his

argument section lacks citations to the record, legal authority, or a statement of the applicable standard of review. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). Danko's brief, thus, is entirely inadequate to comply with ARCAP 13.

**¶11**　　　　Accordingly, we hold Danko has waived all issues not properly presented because of the grave deficiencies of his opening brief and has therefore abandoned this appeal. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived."); *Ramos*, 252 Ariz. at 523 ¶ 11 (holding waiver of all appealable issues constitutes abandonment of appeal).

## CONCLUSION

**¶12**　　　　We affirm.

**¶13**　　　　As the prevailing party on appeal, we award Appellees their taxable costs upon compliance with ARCAP 21.

