NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

CHARLES A. REDDING, et al.,
*Plaintiffs/Appellants*,

*v.*

SOUTHEAST VALLEY REGIONAL ASSOCIATION OF REALTORS,
INC., *Defendant/Appellee*.

No. 1 CA-CV 24-0450

FILED 03-06-2025

Appeal from the Superior Court in Maricopa County
No. CV2019-007621
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Combs Law Group, P.C., Scottsdale
By Cameron A. Combs
*Counsel for Plaintiff/Appellant*

Zelms Erlich Lenkov & Mack, Phoenix
By Richard V. Mack
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**T H U M M A**, Judge:

¶1 Plaintiffs Charles and Jacqueline Redding (the Reddings) appeal from the grant of summary judgment for defendant Southeast Valley Regional Association of Realtors® (SEVRAR) and a resulting award of attorneys' fees to defendant. Because the Reddings have shown no error, the superior court's rulings are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 This dispute arises out of a June 2018 purchase of a home in Chandler, where the Reddings (who are real estate agents) represented the seller. Although the seller requested a contractual right to remain in the home a few days after closing to avoid the need for a bridge loan, the buyers did not agree to such a term. After closing, however, the seller remained in the home, breaching the contract and preventing the buyers from moving in. The buyers sought help from law enforcement, ultimately obtaining possession of the home the day after closing.

¶3 In September 2018, the buyers' real estate agent filed an ethics complaint with SEVRAR against Charles Redding. The complaint alleged that Charles Redding failed to educate the seller about post-possession rights and "slandered" the buyers' agent. The complaint also alleged Charles Redding failed to cooperate in the transaction, removing the lockbox containing the keys to the home, leaving the buyers locked out of their home after closing. The complaint stated that Jacqueline Redding, Charles Redding's managing broker, had also contacted the buyers' agent asking about a post-possession agreement before the close of escrow.

¶4 SEVRAR is a private, voluntary association comprised of licensed Realtors® in the southeast part of the greater Phoenix area. The Reddings are licensed Realtors® and members of both SEVRAR and the National Association of Realtors® (NAR). As members, the Reddings agreed to be bound to SEVRAR's bylaws, which include the NAR's Code of Ethics and Arbitration Manual (Code of Ethics). Complaints alleging

violations of the Code of Ethics can include a three-level review process: (1) Grievance Committee screening; (2) Ethics Hearing Panel decision based on evidence provided and (3) possible appeal for review by the Board of Directors.

¶5 After a Grievance Committee found the complaint alleged potential Code of Ethics violations, an evidentiary hearing was scheduled. Before that hearing, the buyers' agent ended her SEVRAR membership and withdrew the complaint. The Grievance Committee, however, determined the allegations that Charles Redding removed the lockbox from the property could be a violation of the public trust and decided that the Grievance Committee would pursue the complaint as the complainant. The Grievance Committee also added Jacqueline Redding as a respondent for possible cooperation in Charles Redding's actions. Ultimately, the complaint alleged violations of Code of Ethics Articles 1 (obligation to protect and promote the interest of the client and to treat all participants honestly), 3 (obligation to cooperate with other brokers) and 15 (duty to not knowingly or recklessly make false or misleading statements).

¶6 At a February 2019 Ethics Hearing, the Hearing Panel considered the allegations in both the original and the SEVRAR complaints and heard testimony from the Reddings, the seller and the buyers' broker. The Hearing Panel found the Reddings violated Article 1 because they "failed to protect" their client's interest "by not adequately educating their client as to the consequences that can ensue with a simultaneous closing" and "by not securing a post-possession agreement during negotiations or some other adequate solution." The Hearing Panel found the other allegations of unethical conduct had not been proven.[1] As consequences, the Hearing Panel recommended the Reddings pay a $500 administrative fee and attend a three-hour contract law class and a three-hour agency class that would count to satisfy their pre-existing continuing education obligations.

---

[1] The Reddings had countered with a complaint against the buyers' agent, which the Hearing Panel determined lacked merit.

¶7            Dissatisfied with the Hearing Panel's decision, the Reddings appealed to the Board of Directors, which in April 2019 affirmed in a decision signed by four Directors. The Code of Ethics, however, states five Directors must resolve an appeal to the Board of Directors, so SEVRAR sent a letter to the Reddings stating that a new appeal hearing was required. Neither party, however, took action to schedule a new appeal hearing.

¶8            In May 2019, the Reddings filed this litigation, alleging two counts: (1) declaratory relief (claiming inadequate notice of the charges) and (2) breach of contract (alleging inadequate notice, failure to have five Directors sign the decision of the Board of Directors and improper testimony at the Ethics Hearing). The Reddings sought, among other things, damages and an award of attorneys' fees under Arizona Revised Statutes (A.R.S.) sections 12-341.01 and 12-349 (2025).[2]

¶9            Significant litigation then followed. The superior court initially granted SEVRAR summary judgment because of the Reddings' failure to schedule a new appeal hearing. After the Reddings appealed that decision, SEVRAR held a new appeal proceeding. In a decision signed by five Directors, the Board affirmed the Hearing Panel's determinations, and that decision was upheld by the superior court. The Reddings appealed, and this court remanded for the superior court to address due process, sufficiency of the evidence and Uniform Arbitration Act claims. On remand, faced with cross-motions for summary judgment, the superior court granted SEVRAR's motion and denied the Reddings' motion. After noting extensive undisputed material facts, the superior court determined there were no due process violations, the evidence supported the findings that the Reddings violated their ethical obligations, the Reddings had agreed the Board of Directors' decision would be binding and they produced no evidence supporting their challenge to the hearing process.

¶10           Finding the litigation arose out of contract, the court awarded attorneys' fees to SEVRAR under A.R.S. § 12-341.01. After discussing the factors it relied on in reaching that conclusion, the superior court awarded SEVRAR $94,875 in fees and $4,152.56 in taxable costs, noting the Reddings failed to challenge the reasonableness of the fees with specificity. The Reddings timely appealed from the resulting final judgment. This court has appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12- 120.21(A)(1) and - 2101(A)(1).

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶11**        This court reviews an order granting summary judgment de novo, *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003), and will affirm if it is correct for any reason, *Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995). Summary judgment is proper "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The court views "the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews*, 205 Ariz. at 240 ¶ 12. An award of attorneys' fees and costs is reviewed for an abuse of discretion. *Tucson Est. Prop. Owners Ass'n, v. Est. of Jenkins*, 247 Ariz. 475, 479 ¶ 8 (App. 2019).

**I.        The Reddings Have Not Shown the Superior Court Erred in Granting Summary Judgment for SEVRAR.**

**¶12**        The Reddings argue the entry of summary judgment against them was error, asserting the superior court did not address the merits of each argument made by the Reddings. The record does not support that assertion.

**A.        The Reddings Have Not Shown They Were Denied Due Process Rights.**

**¶13**        The Reddings' primary argument is their due process rights were denied because SEVRAR "acted as the judge (the Hearing Panel) and the complainant," the $500 administrative fee "raised revenue for [SEVRAR]" and the Hearing Panel's decision is binding and not subject to further review. The Reddings also argue due process requires they "be afforded the opportunity to confront" witnesses.[3]

---

[3] At oral argument before this court, the Reddings argued a violation of the Code of Ethics must be reported to the state real estate licensing board. By failing to raise such an argument in briefing, it is waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011).

¶14 The disciplinary process the Reddings seek to challenge was purely private. It was a contractual part of a voluntary trade association. The Reddings primarily rely on cases addressing due process under the United States and Arizona Constitutions, which are a check on government action and are not applicable to purely private actors like those being challenged here. *See State v. Sharp*, 193 Ariz. 414, 421 ¶ 19 (1999) (citations omitted); U.S. Const. Amend. XIV § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"); Ariz. Const. Art. 2 § 4 (similar).[4] Given the lack of government involvement here, the Reddings' constitutional arguments are unavailing. And for reasons detailed below, the Reddings have not established they were denied due process under their contractual agreement with SEVRAR.

### B. The Uniform Arbitration Act Does Not Apply to SEVRAR's Ethics Hearing.

¶15 The Reddings argue Arizona's Uniform Arbitration Act (UAA) is not applicable to the second Board of Directors decision. Although correct, that conclusion is not dispositive.

¶16 Application of the UAA is premised on "[a] written agreement to submit" a controversy to arbitration. A.R.S. § 12-1501. There is no such agreement in the record. Moreover, the Code of Ethics discusses ethics and arbitration in the disjunctive; it makes a clear distinction between the procedure applicable for ethics complaints, pages 19 through 124, and arbitrations, pages 125 through 244. There is no genuine dispute that the hearing that took place in this case was an ethics proceeding, not an arbitration proceeding. Accordingly, the UAA does not apply. The inapplicability of the UAA does not, however, entitle the Reddings to any relief. Instead, it simply means that the UAA is not relevant to the applicable analysis.

---

[4] The Reddings have not argued with supporting authority that the due process protections in Arizona's Constitution are more extensive than in the United States Constitution. Accordingly, this court analyzes the due process claim under the United States Constitution and existing precedent. *See Samiuddin v. Northwehr*, 243 Ariz. 204, 209 n.2 (2017) (citation omitted).

### C.   The Reddings Have Not Shown the Superior Court Erred in Granting SEVRAR's Motion for Summary Judgment Rejecting Their Challenge to the Ethics Violation Finding.

#### 1.   Jacqueline Redding Was Properly Joined as a Respondent.

¶17         The Code of Ethics authorizes the Grievance Committee to amend a complaint by adding additional claims or individuals whose alleged conduct may have violated the Code of Ethics. Article 1 of the Code of Ethics states:

> When representing a buyer, seller, landlord, tenant, or other client as an agent, Realtors® pledge themselves to protect and promote the interests of their client. This obligation to the client is primary, but it does not relieve Realtors® of their obligation to treat all parties honestly.

All parties agree a failure to properly educate a client can constitute a violation of Article 1.

¶18         The Reddings argue nothing in the original complaint alleged Jacqueline Redding violated Article 1. The original complaint, however, alleged Jacqueline Redding, as Charles Redding's managing broker, called the buyers' agent to ask why the buyer needed a large amount of money as concession for the holdover, and told the buyers' agent that her client (the seller) needed two extra days to move *after* close of escrow. The original complaint also alleged the seller failed to move out after close of escrow despite signing a contract that required her to move out by that time that same day. From these allegations, the Grievance Committee properly could conclude Jacqueline Redding may have violated the Code of Ethics.

¶19         The Reddings argue, if the decision stands, "any Realtor's sincere efforts to secure a post-possession agreement could be considered an Article 1 violation if no agreement could be reached with the buyer." That argument, however, misunderstands the process. The Grievance Committee did not find Jaqueline Redding violated Article 1 based on the allegations in the complaint. Instead, the Grievance Committee found the allegations were sufficient as to the Reddings to warrant an Ethics Hearing to determine if there was such a violation. The record supports that conclusion. Moreover, the Reddings' own expert admitted that the evidence presented at the Ethics Hearing was sufficient to support a finding

7

of a violation of Article 1, and the Reddings do not challenge the sufficiency of the evidence supporting the Board of Directors' ultimate finding after the evidentiary hearing.[5]

### 2.     The Board of Directors Did Not Err by Affirming the Reddings Committed a Public Trust Violation.

¶20         The Code of Ethics permits the Grievance Committee to proceed as the complainant when it determines a potential violation of the public trust may have occurred. In this context, a "public trust" violation "refers to misappropriation of client or customer funds or property, willful discrimination, or fraud resulting in substantial economic harm."

¶21         The Reddings argue the Grievance Committee may "bring its own complaint against a Realtor only if there is 'clear, strong, and convincing' evidence of an articles violation for the Hearing panel to consider." They argue the original complaint (which was then withdrawn) stating the lockbox containing the keys was removed by the time the buyers tried to take possession of the home "should not suffice as 'clear, strong, and convincing' evidence of 'demonstrated misappropriation of . . . customer property.'" But the Grievance Committee was not required to find "clear, strong, and convincing" evidence of a violation before bringing its own complaint.

¶22         The Code of Ethics states that if a Realtor® complainant fails to appear or is excused from appearing at a hearing, the hearing shall not take place, the complaint is referred back to the Grievance Committee and "[i]f the Grievance Committee determines that there is sufficient information for a Hearing Panel to consider (i.e., that there is clear, strong, and convincing proof), the complaint shall be amended to name the Grievance Committee as complainant and the hearing shall be continued to a new date."

---

[5] The Reddings' Statement of the Issues asks if SEVRAR presented "clear, strong, and convincing evidence" necessary to support a finding that the Reddings failed to educate their client and protect their client's interests. But "[m]erely mentioning an argument in an appellate opening brief is insufficient." *MacMillan*, 226 Ariz. at 591 ¶ 33 (citation omitted). The Reddings' failure to meaningfully develop this point constitutes waiver. *See id.*; *see also Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

¶23        But that is not what happened here. The buyers' agent withdrew the original complaint after the Grievance Committee determined the complaint required a hearing. As provided by the Code of Ethics:

> If a complaint is withdrawn by the complainant after the Grievance Committee determines the complaint requires a hearing, it will be referred back to the Grievance Committee to determine whether a potential violation of the public trust . . . may have occurred. Only where the Grievance Committee determines a *potential* violation of the public trust *may* have occurred may the Grievance Committee proceed as the complainant.

(Emphasis added.) No section of the Code of Ethics specifies the standard required for the Grievance Committee to bring a withdrawn claim as the complainant, other than a determination that a potential violation may have occurred. There was no requirement that the Grievance Committee find evidence of a violation by "clear, strong, and convincing" evidence before proceeding with a complaint.

¶24        The original complaint states Charles Redding removed the lockbox containing the keys to the home. The complaint also included a text from Charles Redding stating the lockbox was removed at his client's request. Accordingly, the Reddings have not shown SEVRAR breached any contract, or the superior court erred, by acknowledging the Grievance Committee's preliminary determination that there may have been a potential violation of public trust in the form of misappropriation of customer property.

### D.        The Superior Court Did Not Abuse Its Discretion by Awarding SEVRAR Attorneys' Fees.

¶25        The Reddings argue SEVRAR was not entitled to the attorneys' fees award it received. The superior court granted SEVRAR's request for fees pursuant to A.R.S. § 12-341.01(A), which provides: "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." After determining SEVRAR was the successful party eligible for an award of fees, the superior court considered the following factors detailed in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985): (1) "[t]he merits of the claim

or defense presented by the unsuccessful party," (2) whether "[t]he litigation could have been avoided or settled and [whether] the successful party's efforts were completely superfluous in achieving the result," (3) whether "[a]ssessing fees against the unsuccessful party would cause an extreme hardship," (4) whether "[t]he successful party did not prevail with respect to all of the relief sought," (5) "the novelty of the legal question presented," (6) "whether such claim had previously been adjudicated in this jurisdiction" and (7) "whether the award . . . would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues."

¶26        The Reddings argue the court erred in granting SEVRAR attorneys' fees and costs because SEVRAR failed to engage in any effort toward resolution. They also suggest awarding SEVRAR attorneys' fees will discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues. The Reddings fail to show, however, how the superior court erred in weighing the *Warner* factors. Among other things, the superior court addressed the information provided by the parties in concluding "[b]oth parties engaged in some effort toward resolution" and "an award of fees in general is not likely to discourage parties with tenable claims or defenses from litigating or defending legitimate contract issues." The court also noted no information provided would "support a conclusion that assessing fees against the Reddings would cause an extreme hardship." On this record, the Reddings have failed to show the superior court abused its discretion in awarding SEVRAR $94,875 in fees.

## ATTORNEYS' FEES AND COSTS ON APPEAL

¶27        The Reddings request attorneys' fees and costs incurred on appeal pursuant to ARCAP 21(a) and A.R.S. §§ 12-341.01 and -341. Because the Reddings are not the successful parties, their request for fees and costs is denied.

¶28        SEVRAR requests its attorneys' fees and costs incurred on appeal pursuant to ARCAP 21(a). ARCAP 21(a) "only establishes the procedure for claiming attorneys' fees and does not create any substantive right to them." ARCAP 21(a)(2). The court has the discretion to decline to award attorneys' fees if the requesting party does not "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees." *Id*. Because SEVRAR failed to specifically state their basis for an award of attorneys' fees on appeal, their request is denied. SEVRAR

may recover their taxable costs incurred on appeal contingent upon their compliance with ARCAP 21(b).

## CONCLUSION

¶29       The judgment is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR