NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KARA DENAI MUSE, *Petitioner/Appellee,*

*v.*

BILLY JARVAIS GOODSON, II, *Respondent/Appellant.*

No. 1 CA-CV 25-0208 FC

FILED 01-23-2026

Appeal from the Superior Court in Maricopa County
No.  FC2021-002005
FC2021-091620
The Honorable Lisa C. Boddington, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Kara Denai Muse, Gilbert
*Petitioner/Appellee*

Alongi Law Firm PLLC, Phoenix
By Thomas P. Alongi, Elizabeth Alongi
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

_____

C A T L E T T, Judge:

¶1        Billy Goodson ("Father") appeals the superior court's denial of his Arizona Rule of Family Law Procedure ("Rule") 85(a) motion requesting reimbursement for overpaying child support. Kara Muse ("Mother") argues we lack jurisdiction. Because Father appeals only the denial of his motion, not the underlying judgment, we have jurisdiction. But because the superior court could not use Rule 85(a) in the manner Father sought, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In August 2023, Father petitioned to modify his monthly child support contribution from $1,891 to $13. Mother responded by requesting $2,004 a month. The court held a hearing during which Father explained why the court should modify his contribution. Father did not request reimbursement for payments made after his modification petition but before the court's ruling.

¶3        On April 9, 2024, the court modified Father's child support obligation, ordering him to pay $1,304 a month effective October 1, 2023 ("modification judgment"). Father moved for clarification about how his prior "overpayment should be rectified." The court construed that request as another motion to modify and denied it. Several months later, Father moved for relief from judgment under Rule 85(a), arguing the court "neglected to explain how Mother would erase the ~5K deficit" and asserting that the court "must" act. Father requested "an order specifying how Mother should reimburse him for the overpayment . . . from October 2023 to May 2024." The court denied the Rule 85(a) motion ("Rule 85(a) order"). It concluded that, "pursuant to A.R.S. § 25-527, a request for reimbursement due to overpayment of child support may be filed once the obligation to pay support has terminated," and that could not yet occur because child had not yet emancipated. Six days later, Father appealed the Rule 85(a) order.

## JURISDICTION

**¶4** Mother contends we lack jurisdiction because Father did not timely appeal the modification judgment and the appellate rules do "not toll or extend" the time to do so.

**¶5** Father's notice of appeal says he is appealing the Rule 85(a) order. Father has not appealed the modification judgment. Had Father attempted to appeal that judgment, Mother's jurisdictional argument might have merit. *See* Ariz. R. Fam. Law P. 85(c)(2) ("Timely filing a motion may affect the time in which to file an *appeal of the judgment* as provided in ARCAP 9(e)(1)(E).") (emphasis added); Ariz. R. Civ. App. P. 9(e)(1)(E) ("[T]he time to file a notice of appeal . . . begins to run from the entry by the superior court clerk of a signed written order disposing of . . . relief under Rule 85 . . . if the motion is filed not later than 25 days after entry of the judgment."). But Father made no such attempt.

**¶6** Contrary to Mother's argument, we have jurisdiction to review the Rule 85(a) order—independent of the modification judgment—if (1) the issues decided in the Rule 85(a) order are "different from those that could have been raised on appeal from the underlying judgment," and (2) the Rule 85(a) order "affect[s] the judgment or relate[s] to its enforcement." *Vincent v. Shanovich*, 243 Ariz. 269, 271 ¶ 9 (2017); A.R.S. § 12-2101(A)(2). The modification judgment resolved one issue—whether to modify Father's child support payments. The Rule 85(a) order resolved a different issue—whether Father was entitled to reimbursement for overpaying child support. The Rule 85(a) order also affects the modification judgment or relates to its enforcement. It reaffirmed Father's financial obligations in the modification judgment but left any overpayment unresolved. The Rule 85(a) order is therefore a special order made after final judgment, and we have jurisdiction. *See Vincent*, 243 Ariz. at 271 ¶ 9; A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶7** We review an order denying a Rule 85 motion for an abuse of discretion. *Johnson v. Edelstein*, 252 Ariz. 230, 233 ¶ 12 (App. 2021). A court abuses its discretion when it "commits an error of law in reaching a discretionary conclusion . . . or the record fails to provide substantial evidence to support the trial court's finding." *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012) (cleaned up). We review the interpretation and application of court rules de novo. *Id.* If language in the Arizona Rules of Family Procedure "is substantially the same as language in the civil rules, case law interpreting the language of the civil rules will apply[.]" Ariz. R.

Fam. Law P. 1(c); *compare* Ariz. R. Fam. Law P. 85(a) *with* Ariz. R. Civ. P. 60(a).

**¶8**　　　　Rule 85(a) provides that "[a] court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment." Ariz. R. Fam. Law P. 85(a). "A clerical error occurs when the written judgment fails to accurately set forth the court's decision." *Vincent*, 243 Ariz. at 271 ¶ 8. Rule 85(a) applies when "[t]he error is inadvertent," which can take the form of "a misstatement or an omission" or some other form. *Id.* Rule 85(a) does not permit the "changing of a judgment . . . which was entered as the court intended." *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142–43 (App. 1987). Put differently, Rule 85(a) "may not be used to correct 'judicial errors'—to supply something that the court could have decided, but did not." *Egan–Ryan Mech. Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166 (App. 1990). The determinative question is this: did the superior court's alleged omission "occur[] in rendering judgment or in recording the judgment rendered"? *Ace Auto Prods., Inc.*, 156 Ariz. at 142. Only in the latter situation does Rule 85(a) apply.

**¶9**　　　　But that latter situation is missing here. Father does not argue the court erred in recording the modification judgment. He argues only that the court erred by not requiring reimbursement, something the court could have attempted to require but did not. Thus, the court's alleged omission occurred in rendering judgment, not recording it, and Rule 85(a) does not apply. *See Ace Auto. Prods., Inc.*, 156 Ariz. at 142.

**¶10**　　　　The court received dueling petitions to modify child support, and the modification judgment resolved them by reducing Father's contribution. Before the modification judgment, Father never requested reimbursement should the court reduce child support. Because Father did not raise the reimbursement issue before the modification judgment, it cannot be said that the court's silence on the issue was "a mistake arising from oversight or omission" or that the judgment did not accurately set forth the court's decision on modifying child support. Ariz. R. Fam. Law P. 85(a); *Vincent*, 243 Ariz. at 271 ¶ 8. After the court accurately recorded the modification judgment, Father raised reimbursement, claiming the court erred in failing to require it.

**¶11**　　　　Whether a superior court may require reimbursement before emancipation is an open legal question. *See In re Marriage of Allen*, 241 Ariz. 314, 318 ¶ 19 (App. 2016) ("[I]t *might* also be permissible for the court to order . . . reimburse[ment] . . . at this time by deviating from the Guidelines[.]") (emphasis added); *Amadore v. Lifgren*, 245 Ariz. 509, 518 ¶ 26

(App. 2018) (vacating and remanding "for reconsideration of whether reimbursement of overpayments, if any, is authorized by law, and if so, whether it is appropriate to allow reimbursement in this case"); *but see Brucklier v. Brucklier*, 253 Ariz. 579, 585 ¶ 31–32 (App. 2022) (the court's refusal to reimburse overpayment was "accurate for overpayments above a *final* child support order"). We need not resolve that question here.

**¶12** It is sufficient for present purposes that, even if the court committed legal error in omitting reimbursement from the modification judgment (again, we do not suggest it did), that was a judicial, not a clerical, error. So Rule 85(a) was not a proper procedural vehicle for Father to raise such an alleged error. *See State v. Minjares*, 223 Ariz. 54, 60 ¶ 26 (App. 2009) ("[A]fter it lost the appeal, the State asked the superior court to reach a legal conclusion that A.R.S. § 41–622(F) applied to this case and required revision of the interest rate. This does not constitute correction of a clerical error and is not authorized by Rule 60(a)."). The court did not abuse its discretion by denying Father's Rule 85(a) motion.

## CONCLUSION

**¶13** We affirm the Rule 85(a) order.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

5